**Blondell BOYD, Respondent,**

v.

**BOONE MANAGEMENT, INC., and Tiger Towers, Inc., Appellants.**

**No. WD 35060.**

Missouri Court of Appeals,
Western District.

July 10, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1984.

Application to Transfer Denied
Oct. 9, 1984.

H.A. Walther of Brown, Willbrand & Simon, P.C., Columbia, for appellants.

Edward Berg of Mid-Missouri Legal Services Corp., Columbia, for respondent.

Before LOWENSTEIN, P.J., and MANFORD and BERREY, JJ.

MANFORD, Judge.

This is a civil action in two counts. Count I sought recovery of damages for forcible entry and detainer. Count II sought recovery of damages for wrongful eviction. This cause was on appeal to this court under WD 33601, but was dismissed and remanded for entry of a final judgment. The trial court had failed to rule Count I. See *Boyd v. Boone Management, Inc.*, 649 S.W.2d 259 (Mo.App.1983). Pursuant to this court's direction, the trial court dismissed Count I. The present appeal followed and does not include the issue of the dismissal of said Count I. The judgment is affirmed as modified.

■ This case having been tried to the court invokes Rule 73.01 for purposes of review by this court. The judgment of the trial court is to be upheld unless it lacks substantial evidence to support it, unless it is against the weight of the evidence, or it erroneously applies or declares the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), *Plaster v. Lebanon Special Road District of Laclede County*, 611 S.W.2d 560 (Mo.App.1981). This court has authority to enter the judgment that should have been entered by the trial court. *City Wide Asphalt v. City of Independence*, 546 S.W.2d 493 (Mo.App.1976).

A summary of the pertinent facts reveals that the parties entered into a written lease for an apartment in Tiger Towers Apartments in Columbia, Missouri on or about January 15, 1981. Respondent was to share the apartment with others and pay a proportionate share of the rent. Respondent paid the proper amount due for the remainder of January, 1981. Respondent did not tender her rental payment for February, 1981 until February 4, 1981, and said amount was for only half the sum due. Respondent's reason for not tendering all of the sum due was a list of 65 separate damage items to the apartment. Respondent's tender of payment was rejected by appellant. Appellant's response to the claimed damage items was that they were not serious enough to require any repair. The evidence revealed the claimed damage did not render the apartment uninhabitable. On February 4, 1981, appellant placed a lock on the apartment door, preventing entry by respondent.

On February 5, 1981, respondent allegedly tendered full payment of her share of the rent. This offer was rejected by appellant. On the same day (February 5, 1981), respondent rented a truck and removed her property. Respondent spent one day looking for alternative housing, but found no apartment she thought suitable for her needs. Respondent moved her property to St. Louis (her original residence) and dropped out of school (University of Missouri-Columbia). As a result of leaving school, respondent lost her S.E.O.G. grant and a work-study grant. She later attempted to enroll in Forest Park Community College-St. Louis, but she was rejected. Respondent testified that this rejection caused her great mental anguish, which she in turn attributed to the loss of her apartment.

In a non-jury trial, the court awarded respondent the sum of $1,000 in punitive damages and $1,396.97 in actual damages for wrongful eviction. The actual damages were categorized as $91.25 for security deposit, $91.23 for truck rental, $20.00 for gasoline, $17.97 for bus expense, $176.52 for her S.E.O.G. grant, $500.00 for her work study grant, and $500.00 for mental anguish.

■ The trial court was correct in finding that under the evidence, appellant wrongfully evicted respondent. The evidence revealed that appellant did not proceed under Chapter 535, RSMo 1978—RSMo Supp.1983. Instead, appellant proceeded and relied upon common law forfeiture.

■ Forfeiture of a leasehold estate is a harsh remedy and viewed with disfavor in the law. Being so harsh, the law requires

that every prescribed requirement be met unless waived by agreement of the parties. *Carbonetti v. Elms*, 261 S.W. 748 (Mo.App. 1924). Additionally, a covenant which permits a forfeiture will be strictly construed against the party seeking to invoke the forfeiture. *Independence Flying Service, Inc. v. Abitz*, 386 S.W.2d 399, 404 (Mo. 1965). As a strict prescribed requirement, demand for rental payment must be made on the actual day due. *Independence Flying Service, supra*. The evidence herein reveals that appellant did not make such a demand on the first day of the month. Instead, there was only a rejection of respondent's partial payment.

It is contended herein that a waiver pursuant to the lease agreement was created. The pertinent portion of the lease reads:

"That if any default shall be made in the payment of rent, or any part thereof at the time provided ... the Lessor shall, without demand, be entitled to possession of the premises."

A similar covenant was held not to constitute a waiver under the common law requirements. *Eskew v. Hawkins*, 619 S.W.2d 361 (Mo.App.1981).

▇ The issue on this appeal is whether the damages awarded will stand. First and foremost, the punitive damage's award must be set aside. It has been held that such an award is not allowable even if the eviction was wrongful, if such eviction was provoked or the opportunity therefor was upon the tenant's failure to pay rent. *Bryan v. Vaughn*, 579 S.W.2d 177, 182 (Mo.App.1979). The $1,000 punitive damage's award is held to be void and therefore set aside.

▇ Turning to the issue of actual damages, respondent is entitled to the sum of $91.25, which represents her security deposit. A tenant is entitled to actual damages which are reasonably incurred as a result of the eviction. There is no evidence that respondent caused any damages to the premises and thus it follows that her security deposit must be returned to her.

While actual expenses, reasonably incurred as a result of the evidence may be recovered, 52 C.J.S. § 461(2) (1975), there is no recovery for expenses remotely connected with the wrongful eviction. *Greenwood v. Vanarsdall*, 356 S.W.2d 109 (Mo.App. 1962), *Wood v. Gabler*, 229 Mo.App. 1188, 70 S.W.2d 110 (1934). There must be a connection between the lessor's wrongful act and the resulting injury. *Murphy v. Century Building Co.*, 90 Mo.App. 621 (1901).

Under the foregoing authority as regards the remainder of respondent's claim for actual damages (i.e., it is noted that she was entitled to the return of her security deposit), respondent is entitled and limited to the sum of $129.20 for moving expenses. The sums of $500.00 for mental anguish and $672.52 for loss of her S.E.O.G. and work study grants are, under the facts and circumstances herein, found to be too remote, and that portion of the judgment awarding said sums is held to be void and set aside.

The judgment herein is affirmed, but it is modified to show that respondent is to have judgment against appellants for the total sum of $220.45 only. Costs of this proceeding are assessed against appellant.

All concur.