Jack R. GRATE, Respondent,

v.

Leora L. RICHARDS, Appellant.

No. WD 35073.

Missouri Court of Appeals,
Western District.

Nov. 13, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Dec. 26, 1984.

Application for Transfer Sustained Feb. 26, 1985.

Case Retransferred May 21, 1985.

Court of Appeals Opinion Readopted June 4, 1985.

Rufus Burrus (argued), W. Raleigh Gough, Independence, for appellant.

Roger W. Calton, Kansas City, for respondent.

Before KENNEDY, P.J., and NUGENT and BERREY, JJ.

NUGENT, Judge.

Leora L. Richards, defendant, appeals from a judgment rendered by the circuit court, quieting title and determining that it is vested in plaintiff and that defendant has no right, title or interest in the subject real estate. We reverse the judgment of the circuit court.

On April 14, 1981, plaintiff, Jack R. Grate, Jr., filed a petition to quiet title to real estate. Plaintiff claims that under a court administrator's deed dated March 26, 1981, he is the owner of the residential property at 1634 Cypress in Kansas City. Defendant, Leora L. Richards, claims ownership of the property under an unrecorded warranty deed dated January 24, 1981, and has filed a "cross petition" to quiet title in her.

In 1977, Mrs. Richards, a real estate agent, entered into a "contract for deed" with Coy E. Burr and Yvonne Burr for the purchase of the property. The contract provided that Mrs. Richards would purchase the property for $9,736.49 payable in monthly installments, that she would pay the taxes, keep the property insured and that upon paying the full purchase price she would be entitled to a warranty deed for an unencumbered fee simple title. The contract was not dated but the date of the first payment was January 1, 1977. The Burrs had a loan on the property with Blue Valley Savings & Loan, and they arranged with Mrs. Richards that she would pay them and they would pay Blue Valley. Mrs. Richards testified that she did not notify Blue Valley that she had an interest in the property because of her belief that the loan was not assumable and that Blue Valley would have called in the loan. She wanted to get the financing without paying a higher interest rate.

Mrs. Richards made the monthly payments until the contract was paid in full. On November 12, 1980, the balance with Blue Valley was paid off. Mrs. Richards received a release deed dated November 12, 1980, which was recorded December 1, 1980. Mrs. Richards testified that she did not get a warranty deed at that time because Mr. Burr's wife had died November 14, 1980, and she did not want to "pressure" him for a deed right away. She contacted Mr. Burr in January, 1981, and he gave her a warranty deed dated January

14, 1981. She did not record the deed at that time, and it is still unrecorded.

In September, 1980, Mrs. Richards entered into a rental agreement with Susan and Lesley Carroll by which the Carrolls would rent the property with an option to purchase it at $25,000.

Unknown to Mrs. Richards, on November 17, 1980, Montgomery Ward obtained a default judgment in the amount of $1,242.19 against Mr. and Mrs. Burr on an overdue account. Plaintiff Jack R. Grate's law firm represented Montgomery Ward. A general execution was issued by the circuit court on January 28, 1981, under which a levy was made on the Burr's property at 1634 Cypress. Pursuant to the levy, a notice of sale appears to have been published[1] and an execution sale was held on March 24, 1981. Plaintiff purchased the property for $1,700.00.

Before the sale, plaintiff Grate, accompanied by two attorneys from his law office, drove by the property and looked at it through the "windshield." He did not get out of the car, and he saw nothing indicating the name of any person who lived in the house. He also searched the Jackson County title records and requested a "verbal" ownership and encumbrance report from McDaniel Title Company. Both the records and the "verbal" ownership report showed that the Burrs owned the property.

After the sale, Mr. Grate drove to the property to notify the party in possession that he had purchased it. Mrs. Carroll answered the door and informed him that Mrs. Richards owned the property.

Shortly thereafter, plaintiff filed a petition to quiet title. The circuit court issued findings of fact and conclusions of law on April 28, 1983, and judgment was entered in favor of the plaintiff on May 19, 1983. Defendant appeals from the circuit court's judgment.

Mrs. Richards raises three points on appeal. Her first point is that the sale should be set aside because plaintiff failed to give a direct personal notice to the judgment debtors, the Burrs, as required by Supreme Court Rule 76.17. Her second point is that the sale for $1,700 of property worth $25,000 should be set aside on the ground of gross inadequacy of consideration. Finally, she asserts that plaintiff was not an "innocent purchaser" because he had actual notice of facts which upon reasonable inquiry would have led to actual notice of Mrs. Richard's claim of title.

■ The action below was for equitable relief and accordingly was heard by the court. The scope of our review is set forth in Rule 73.01 and in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.1976) (en banc), which requires that a "decree or judgment of trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it erroneously declares the law, or it erroneously applies the law."

Decision on defendant's first point disposes of this appeal. She contends that the sale of the property to the plaintiff is void because direct personal notice was not given to the judgment debtors, the Burrs, as required by the Rules of Civil Procedure. Rule 76.17 provides as follows:

Notice to Person Whose Land is Levied Upon

At least twenty days before the sale of land the judgment creditor shall serve a notice of sale on the person whose land is levied upon by personal service or by mailing a copy thereof to his last known address.

Service may be shown by acknowledgement of receipt, written return of service, or by affidavit or by written certificate of counsel making such mailing.

Proof of service shall be filed in the court.

---

1. The only reference to publication in the record appears in the recital in the court administrator's deed showing "at least twenty days' notice of the time and place of sale, and the real estate to be sold ... as the law directs, by advertisement in the Examiner a newspaper published daily ... in Jackson County...." Defendants do not dispute that publication was made pursuant to Supreme Court Rule 76.16.

This rule, adopted in 1980, effective January 1, 1981, replaces former rules 76.39 and 76.40 which required notice only where the real estate to be sold was situated in a county other than the owner's county of residence. Rule 76.17 requires notice in *all* execution sales of land.

Rule 93.01 provides:

The institution, prosecution, trial and determination of civil actions to establish evidence of and to perfect land titles *shall conform in all respects to rules of procedure* covering ordinary civil actions and service of process shall be had in the same manner as provided in Rule 54. (Emphasis added.)

■ The obvious purpose of Rule 76.17 is to provide maximum assurance that no landowner's property will be sold out from under him without such notice of sale as would ordinarily enable him to take action to protect his interests. *See Mahen v. Tavern Rock, Inc.*, 327 Mo. 391, 37 S.W.2d 562, 564 (1931).

■ The rule provides for the following modes of proof of notice: "Service may be shown by *acknowledgement of receipt, written return of service,* or by *affidavit* or by *written certificate of counsel* making such mailing." (Emphasis added.) It further requires that "proof of service *shall* be filed with the court." (Emphasis added.) The rule is mandatory and permits no less than full compliance. Not only does the language of the rule mandate strict compliance with the proof of notice provisions, the importance of the proceeding to the landowner requires it. The distressful situations created by such sales are all too familiar to the courts. Rule 76.17 is designed to eliminate them and the unnecessary litigation they generate.

■ We have found no case construing and applying the recently promulgated notice requirements of Rule 76.17. In analogous mechanic lien cases, however, Missouri courts have consistently held that where the statute requires notice to owners for the creation of a mechanic's lien the burden of providing notice and the proof of

notice falls upon the plaintiff. *R.J. Stephens Drywall and Painting Co. v. Taylor-Morley-Simon, Inc.*, 628 S.W.2d 374, 375 (Mo.App.1982); *Rufkahr Construction Co. v. Weber*, 658 S.W.2d 489, 500 (Mo.App. 1983) (Plaintiff "bears the burden of demonstrating compliance with the notice requirements"); *Mitchell Engineering Co. v. Summit Realty Co. Inc.*, 647 S.W.2d 130, 138 (Mo.App.1982) ("The notice of a mechanic's lien is an essential element of the enforcement of a lien and a lien claimant bears the burden of proving notice"). *See also Structo Corp. v. Leverage Investment Enterprises, Ltd.*, 613 S.W.2d 197, 201 (Mo. App.1981); *Bremer v. Mohr*, 478 S.W.2d 14, 18 (Mo.App.1972) ("burden is on the plaintiff to prove substantial compliance with each essential statutory requirement"). *Hertel Electric Co. Inc. v. Gabriel*, 292 S.W.2d 95, 101 (Mo.App.1956). The same principles apply to the case at hand. Plaintiff had the burden of showing that he did in fact comply with Rule 76.17.

■ In the instant case, neither the pleadings nor the evidence established that the type of notice required by Rule 76.17 was in fact given to the judgment debtors, the Burrs, or to "the person whose land [was] levied upon." Other than his testimony at trial, plaintiff offered no proof that notice was ever sent to or served upon the Burrs or anyone else. Plaintiff testified as to his "understanding" that the Burrs got "substantially more notice" than the published notice, that someone in his office had mailed notices to the Burrs. No evidence was offered regarding the date upon which any such notice was sent or received. No copy of the notice was offered. Plaintiff adduced no evidence of acknowledgement of receipt, written return of service, or affidavit or certificate of counsel to show service of notice of sale as required by Rule 76.17. Without the type of proof required to show that notice of sale was given to the person whose land was levied upon in full compliance with Rule 76.17, plaintiff failed to carry his burden. The circuit court erred in not requiring plaintiff to present proof of compliance

with Rule 76.17. The sale must be set aside as void and plaintiff's title to the property fails.

 This court has authority to enter the judgment that should have been entered by the trial court. *City-Wide Asphalt Co., Inc. v. City of Independence,* 546 S.W.2d 493, 498 (Mo.App.1976); *Boyd v. Boone Management, Inc.,* 676 S.W.2d 24 (Mo.Ct. App.W.D.1984). Accordingly, we may set aside the judgment in favor of plaintiff entered by the trial court and enter judgment for defendant on plaintiff's petition and for defendant on her "cross petition" to quiet title in her.

For the foregoing reasons, we reverse the judgment of the circuit court and enter judgment for the defendant, Mrs. Richards, on plaintiff's petition and on Mrs. Richards' "cross petition", all at plaintiff's cost.

All concur.