Kenneth HEINTZ, Appellant,

v.

Suzette A. WOODSON, et al.,
Respondents.

No. 70498.

Supreme Court of Missouri,
En Banc.

Oct. 18, 1988.

Eric J. Snyder, Clayton, for appellant.

Thomas Lang, Martin Schiff, Jr., Clayton, for respondents.

PER CURIAM.

Appellant sought to quash an execution sale of his interest in certain real estate due to respondent's failure to comply with the requirements of Rules 76.17 and 43.-01(g). The trial court overruled appellant's motion to quash; the Eastern District affirmed. We granted transfer and have jurisdiction. Mo. Const. art. V, § 10. Affirmed.[1]

## I.

Following the dissolution of their marriage in 1979, a dispute arose between respondent and appellant over the latter's liability for payments made by respondent and her parents to prevent foreclosure on the couple's former marital home. After a protracted legal battle,[2] judgment was entered in favor of respondent for $23,150.

On June 16, 1987, respondent executed on the judgment and attached appellant's interest in the marital residence. Appellant then filed a pro se motion to quash the execution. In response to that motion, the circuit court amended the amount due and owing and on July 16, 1987, reissued the writ of execution. Thereafter, respondent sent two certified letters to appellant. The first letter notified appellant of a proposed sheriff's sale scheduled for August 25, 1987. The return receipt on this letter was signed by appellant. The second letter notified appellant that the sale had been rescheduled to September 2, 1987. The return receipt on the second letter was signed and dated August 1, 1987.

---

1. The opinion which follows is substantially the work of the Honorable Carl R. Gaertner, Judge, Court of Appeals, Eastern District. Judge Gaertner's work is used without further attribution.

2. See Heintz v. Woodson, 714 S.W.2d 782 (Mo. App.1986).

On August 26, 1987, appellant, through his attorney, filed a second motion to quash execution and/or stay the upcoming sheriff's sale. Appellant argued that contrary to Rule 43.01(g), respondent had not filed proof of service with the court, as required by Rule 76.17, within five days of serving notice of sale on appellant.

On August 31, 1987, a hearing was held on the motion. At the hearing, respondent satisfied the requirements of Rule 76.17 by filing copies of the certified letters and signed acknowledgments with the court as proof of service. Appellant, although not denying receipt of the letters, nevertheless, argued that the notice was defective because contrary to Rule 43.01(g), respondent failed to file proof of service with the court within five days. The trial court denied appellant's motion. The execution sale was held as scheduled on September 2, 1987. At the sale, respondent purchased appellant's interest in the property for $10,900. Appellant was present at the sale.

## II.

Appellant argues that the trial court erred in denying his motion, because Rules 76.17 and 43.01(g) demand that a judgment creditor file proof of service with the court within five days of serving notice of sale on the judgment debtor, and respondent failed to meet that requirement.[3] Appellant makes no attempt to show how respondent's action prejudiced him in any way. Instead, appellant argues that any deviation from the exact requirements of the Rules, regardless of whether any prejudice resulted therefrom, requires the court to set aside the execution sale.

Appellant's argument is based solely upon non-contextual excerpts from the opinion in *Grate v. Richards,* 689 S.W.2d 635 (Mo.App.1984). In *Grate,* the court invalidated an execution sale because, other than the testimony of the judgment creditor that he mailed notice of sale to the

owner of the land levied upon, there was no evidence of compliance with Rule 76.17. The court held that oral testimony regarding notice of sale is inadequate to sustain a judgment creditor's burden of proving service of notice in view of the language of Rule 76.17 which directs that "[p]roof of service shall be filed with the court" and "[s]ervice may be shown by acknowledgment of receipt, written return of service, or by affidavit or written certificate of counsel making such mailing." *Id.* at 638. Appellant, however, seizes upon isolated passages from the opinion to support his argument that any noncompliance with the letter of Rule 76.17 requires the court to set aside an execution sale. Specifically, appellant relies on the following excerpts: "[t]he rule is mandatory and permits no less than full compliance," and "[w]ithout the type of proof required to show that notice of the sale was given to the person whose land was levied upon in full compliance with Rule 76.17, plaintiff failed to carry his burden of proof." *Id.*

Because the facts in *Grate* are distinguishable from the facts in the instant case, the excerpted language from the *Grate* opinion affords no support for appellant's argument. In *Grate,* the parties not only disagreed as to the timeliness of the notice, but also disputed whether notice of sale was ever given. Here, appellant admits that he received timely notice and acted upon that notice. As expressed in *Grate,* "[t]he obvious purpose of Rule 76.17 is to provide maximum assurance that no landowner's property will be sold out from under him without such notice of sale as would ordinarily enable him to take action to protect his interests." *Id.* Appellant makes no effort to suggest that this purpose has not been fulfilled. On the contrary, appellant argues that once noncompliance with a rule is shown, the purpose of the rule, the effect of noncompliance upon the complaining party, and the merits of

---

3. Appellant also argued in his brief that the notice of sale was defective because it listed the wrong cause numbers as underlying the execution. Appellant's argument is not preserved for review as it was not argued in his motion to quash. *Turcol v. Shoney's Enterprises, Inc.,* 640

S.W.2d 503, 507 (Mo.App.1982). Moreover, the fact that appellant set forth the correct cause numbers in his motion to quash, negates any allegation of prejudice from the typographical error.

the cause are all irrelevant. In appellant's view, failure to comply with the literal requirements of a procedural rule is as final, as automatic, and as unquestionable as a called third strike.

Procedural rules are but the means through which we seek to ensure the fair and orderly resolution of disputes and to attain just results. They are not ends in themselves. For this reason, we do not generally consider noncompliance with rules or statutory procedures to warrant reversal in the absence of prejudice. *See Macon–Atlanta State Bank v. Gall,* 666 S.W.2d 934, 940 (Mo.App.1984) ("as a general rule one having actual notice is not prejudiced by and may not complain of the failure to receive statutory notice"); *McAllister v. Garrett,* 591 S.W.2d 31, 34 (Mo. App.1979) (the appellate court should not reverse the trial court and order a sale set aside unless prejudice is shown). Before setting aside an execution sale for noncompliance with procedural requirements, we must determine (1) whether the noncompliance undermines the purpose of the rule, and (2) whether the complaining party was prejudiced by the noncompliance. *Woodley–Griggs Boiler Repair v. Sanders,* 626 S.W.2d 410, 412 (Mo.App.1981); *Davis v. Moore,* 610 S.W.2d 665, 670 (Mo.App.1980). In the instant case, the negative answer to both questions is obvious.

We are governed by Rule 84.13(b) which states: "No appellate court shall reverse any judgment unless it finds that error was committed by the trial court against the appellant materially affecting the merits of the action." The only argument appellant presented to the trial court as grounds for his motion to quash was that respondent failed to file proof of service with the court within five days of serving appellant with the notice of sale. By denying this motion, the trial court simply recognized that in view of appellant's admission that he received notice of the sale, the requirement of filing proof of service with the court became a superfluous technicality and made the time of filing such proof utterly irrelevant. If this be error, it certainly does not materially affect the merits of the action.

### III.

The judgment of the circuit court is affirmed.

BILLINGS, C.J., BLACKMAR, WELLIVER, ROBERTSON, RENDLEN and HIGGINS, JJ., and GAITAN, Special Judge, concur.

DONNELLY, J., not sitting.