Louis C. NOLFO, Plaintiff/Appellant,

v.

Aaron S. DUBIN, et al.,
Defendants/Respondents.

No. 61354.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 3, 1993.

Lee Reneau Elliott, Troy, for plaintiff, appellant.

Michael M. Flavin, Robert Solomon Rosenthal, St. Louis, for respondent.

CRAHAN, Judge.

Louis C. Nolfo ("Plaintiff") appeals a judgment dismissing on the pleadings with prejudice his action against Aaron S. Dubin ("Dubin") and all of the members of Mr. Dubin's law firm ("Defendants") seeking damages for "Wrongful Execution," "Abuse of Process," "Violation of the Civil Rights Act of 1964," and a "Motion to Set Aside Execution Sale." We dismiss the appeal and award sanctions against Plaintiff and his counsel pursuant to Rule 84.19.

The lawsuit which gives rise to this appeal concerns the actions of attorney Dubin in executing on a $500.00 judgment for sanctions against Plaintiff awarded to Dubin pursuant to Rule 55.03 in Plaintiff's prior dissolution action.[1] While Plaintiff's appeal of the judgment was pending, Dubin instituted proceedings pursuant to a Writ of Execution seeking to levy upon Plaintiff's percentage interest in the former marital home awarded to him in the dissolution case.[2]

Plaintiff's petition contains four counts. In Count I, denominated "Wrongful Execution," Plaintiff alleges that Dubin scheduled a Sheriff's sale of the property but the notice of the proposed sale was defective for failure to specify the particular door of the courthouse where the sale was to take place. Plaintiff claims this alleged defect was brought to Dubin's attention prior to sale but was not corrected. Dubin's execution based upon the allegedly defective notice is alleged to have resulted in the sale of Plaintiff's "joint interest"[3] in the real estate for less than its actual market value, damaging Plaintiff in the amount of $20,000. Further, Plaintiff alleges that such actions were deliberate, willful and outrageous because of evil motive and reckless indifference to the rights of Plaintiff and Plaintiff's "co-tenant" (Plaintiff's ex-wife and Dubin's client) justifying an award of $250,000 in punitive damages.

Count II of the petition, entitled "Abuse of Process" alleges that Dubin mailed a "Notice of Hearing" to Plaintiff's attorney (apparently in the execution proceeding) and incorrectly certified to the court that he mailed the notice on [Friday] August 16, 1991, but in fact did not mail it until [Monday] August 19, 1991, "for the purpose of denying the plaintiff and his attorney the proper amount of time to arrange their schedules to attend and to prepare for the scheduled hearing." The petition then recites that Dubin had previously miscertified service dates and alleges that Dubin's action was a "perversion of legal process for the ulterior motives of greed, hatred, revenge, and egotistical smug self-satisfaction, and to deprive Plaintiff of effective assistance of counsel, due process of law, and of his interest in his real estate." As a "direct result" of such actions, Plaintiff claims to have been damaged in the amount of $20,000 and to be entitled to punitive damages in the amount of $250,000.

---

1. The sanctions were affirmed by this court in *In re Marriage of Nolfo*, 826 S.W.2d 111 (Mo.App. 1992).

2. There is no indication in the record that Plaintiff filed any sort of bond pending appeal and Plaintiff makes no allegation that execution on the judgment was stayed pending his unsuccessful appeal.

3. The unpublished Memorandum Opinion in *In re Marriage of Nolfo* refutes this characterization of Plaintiff's interest. By virtue of the decree affirmed on appeal, Plaintiff was a tenant in common, holding a 22½% interest in the property.

Count III attempts to assert a cause of action for "Violation of Civil Rights Act of 1964" (miscited in the petition as 19 U.S.C. 1984 *et seq.*). On appeal Plaintiff concedes that the correct sections are 42 U.S.C. §§ 1981, 1985 and that such statutes are inapplicable to the facts alleged.

Count IV is denominated "Motion to Set Aside Execution Sale." Prior to argument and submission of this appeal, Dubin filed a motion to dismiss this count attaching a copy of a settlement, filed and approved in Plaintiff's bankruptcy action and executed by Plaintiff's attorney, requiring Plaintiff to dismiss Count IV with prejudice. By order dated March 4, 1992, we gave Plaintiff until March 11, 1992 to show cause why the appeal should not be dismissed as to Count IV. Plaintiff never responded. Defendants' motion to dismiss Plaintiff's appeal as to Count IV is hereby granted.

■ We must also dismiss the appeal as to Counts I and II because the record on appeal does not contain "all of the record, proceedings and evidence necessary to the determination of all questions presented" as required by Rule 81.12(a). As Plaintiff recognizes in his brief, Defendants' Motion for Judgment on the Pleadings refers to matters outside the pleadings which were not excluded by the trial court and must therefore be treated as a motion for summary judgment. Rule 55.-27(b). Specifically, Defendants' motion makes reference to the court's own files in the execution proceedings and to Dubin's affidavit setting forth various facts relating to what transpired at the execution sale and matters which were ruled upon by the court in the course of the execution proceedings.

■ One of Plaintiff's principal points on appeal is a challenge to the timeliness and sufficiency of Dubin's affidavit under Rules 55.27(b), 74.04 and 44.01(d). Plaintiff neglected, however, to include in the record on appeal the relevant portions of the court files from the execution proceedings called to the trial court's attention in support of Defendants' motion. Thus, even assuming *arguendo* that Dubin's affidavit was not timely or

was otherwise insufficient, we have no way of determining whether the balance of the record before the trial court, omitted by Plaintiff on appeal, is sufficient to support the trial court's judgment. As the appellant, it is Plaintiff's duty to submit a proper record containing all of the evidence necessary for a determination of the questions presented to the appellate court for decision. *Environment Quality Research, Inc. v. Mercantile Trust Nat'l Assn.*, 854 S.W.2d 500, 501 (Mo.App.E.D.1993); *Cain v. Richart*, 781 S.W.2d 265, 266 (Mo.App.1989).

The absence of a complete record clearly forecloses appellate review of Counts I and II. In their motion, Defendants maintained, *inter alia*, that they were entitled to judgment on Count I because, assuming *arguendo* that the notice of sale was technically defective for failure to specify the precise courthouse door at which the sale was to occur, Plaintiff could not prove any prejudice because his attorney personally attended the sale and successfully bid on the property. *See Heintz v. Woodson*, 758 S.W.2d 452, 454 (Mo. banc 1988) (Technical noncompliance with statutory notice requirements provides no basis for relief absent showing of prejudice). Defendants assert without contradiction on appeal that the court file in the execution proceeding establishes the participation by Plaintiff's counsel in the sale. However, we cannot confirm or deny this assertion on the basis of the record before us.[4]

With respect to Count II, Defendants maintained, *inter alia*, that Plaintiff was collaterally estopped from relitigating the adequacy of the notice of hearing in the execution proceedings because such matter had been presented to the trial court in the execution proceeding and was decided adversely to Plaintiff. Once again, we cannot reach the merits of this contention because Plaintiff failed to include the referenced portions of the court file from the execution proceedings in the record on appeal. Under such circumstances, we must dismiss Plaintiff's appeal as to Counts I and II.

---

4. As we note, *infra*, however, Plaintiff concedes in his brief that his attorney did participate in the sale, thus confirming the frivolous nature of his appeal.

■ Plaintiff's appeal of Count III must be dismissed because the Point Relied On fails to state "wherein and why" any action of the trial court was erroneous as required by Rule 84.04(d).[5] Plaintiff's Point Relied On relating to this count is as follows:

> THE TRIAL COURT ERRED IN DENYING THE PLAINTIFF LEAVE TO AMEND COUNT III AND GRANTING THE DEFENDANTS JUDGMENT WITH PREJUDICE BECAUSE COUNT III ALLEGED SUBSTANTIVE PRINCIPLES OF LAW WHICH ENTITLED PLAINTIFF TO RELIEF, STATED FACTS CONSTITUTING A CAUSE OF ACTION FOR PERJURY AND SIMULATING LEGAL PROCESS, AND BECAUSE GENUINE ISSUES OF MATERIAL FACT REMAINED FOR TRIAL.

As noted above, Plaintiff concedes on appeal that Count III of the petition does not plead facts sufficient to state a cause of action under the Civil Rights Act of 1964, which is what Plaintiff sought to do in Count III. To the extent that Plaintiff is seeking to challenge on appeal the trial court's dismissal of Count III with prejudice without leave to amend, the point is patently deficient because it does not identify any facts, either pled or to be pled, which could give rise to a cause of action under any theory—*i.e.,* the "wherein and why" requirement of Rule 84.-04(d). *See Thummel v. King,* 570 S.W.2d 679, 685–86 (Mo. banc 1978). Nor are such facts set forth in the argument following this point. Rather, as could be said of Count III of the petition itself, we find only conclusions, unsupported by factual detail, to the effect that Dubin "acted with [former spouse] to commit perjury, misrepresented facts, used abusive tactics such as filing a profusion of conflicting notices and amended notices of hearing." Such bald conclusions, unsupported by any allegations of evidentiary facts, are insufficient to support a claim as a matter of law and are likewise of no assistance to Plaintiff on appeal. Further, the sole legal authority cited by Plaintiff, *Stafford v. Muster,* 582 S.W.2d 670, 679 n. 5 (Mo. banc 1979), does not even remotely support Plaintiff's position that the conclusory allegations set forth in the petition and in the argument portions of the brief, without a good deal more, would give rise to a civil cause of action. Thus, Plaintiff's appeal of the trial court's judgment as to Count III is dismissed for failure to comply with Rule 84.04.

■ On our own motion, we further find that Plaintiff's appeal is frivolous and that sanctions should be assessed against Plaintiff and his counsel. Even in the absence of a complete record, it is clear that none of the allegations of the petition have the slightest merit. In his brief, Plaintiff *concedes* that his counsel attended the sale,[6] thus precluding any possible prejudice from the alleged technical defect in the notice of failure to specify the particular door of the courthouse where the execution sale was to occur. *Heintz v. Woodson,* 758 S.W.2d 452 (Mo. banc 1988). Plaintiff offers no authority for the proposition that an incorrect certificate of service can form the basis of a cause of action for "abuse of process," no doubt because a certificate of service is not "use of process" as the term is used in Missouri cases recognizing such cause of action. *See Dillard Dept. Stores v. Muegler,* 775 S.W.2d 179, 183 (Mo.App.1989). Nor, as discussed above, has Plaintiff set forth facts giving rise to a cause of action under the Civil Rights Act or any other theory supported by legal authority or a good faith argument for extension of the law.

■ Further, although failure to comply with the rules governing appeals does not, by itself, render an appeal frivolous, omissions from the record may support an inference of

---

5. The Points Relied On pertaining to Counts I and II are similarly deficient but do not warrant further discussion in view of our finding of an insufficient record as to those counts.

6. Plaintiff curiously goes to some length to emphasize that his counsel was acting on behalf of a friend of Plaintiff in purchasing the property at the sale. The relevance of this assertion escapes us. In view of the clear restrictions against representation of conflicting interests found in Rule 1.7 of the Missouri Rules of Professional Conduct, we find it difficult to believe that Plaintiff's counsel might wish to imply that his actions at the sale were not completely in accordance with his client's interests and undertaken in his behalf.

bad faith. *Snelling v. Chrysler Motors Corp.*, 859 S.W.2d 755, 757 (Mo.App.E.D., 1993); *see also Delf v. Cartwright*, 651 S.W.2d 622, 624 (Mo.App.1983) (omissions from the record will be taken as unfavorable to the appellant). Here, Plaintiff omitted the bulk of the material which formed the basis for Defendants' motion—*i.e.*, the court files from the execution proceedings. Such records could be expected to establish the participation of Plaintiff's counsel in the execution sale, thus defeating the allegations in Count I, as well as the court's ruling on Plaintiff's objections to the notice of hearing which formed the basis for Count II.[7] We find that Plaintiff's omission of these records warrants an inference of bad faith.

Moreover, the underlying lawsuit and appeal to this court are themselves byproducts of Plaintiff's efforts to forestall collection of a judgment for relatively modest sanctions imposed in Plaintiff's dissolution case. Indeed, some of the allegations against Dubin in this case are repackaged assertions which were considered, rejected and gave rise to sanctions in the prior suit—*e.g.*, the notion that former spouse's failure to supplement interrogatory responses amounted to "perjury."

We are well aware of the deep emotions which often accompany dissolution proceedings and are under no illusions about our ability to do anything to ameliorate them. We can, however, act decisively to prevent this court and its processes from becoming a vehicle for spite and revenge. This lawsuit was specious and the appeal is even more so. Plaintiff has had more than fair warning. He has been sanctioned twice without apparent effect.

■ Although emotion may explain but not excuse Plaintiff's obstinance, Plaintiff's counsel's actions in pursuing this frivolous lawsuit and appeal defy explanation. As officers of the court and licensed professionals, attorneys are expected and required to hold themselves apart from the emotions of their client in order to pursue their client's lawful ends only by lawful means supported by proper investigation and research.

Here, Plaintiff's counsel cannot claim ignorance of the law or the facts which render the current appeal frivolous. Counsel in this case also represented Plaintiff in the prior appeal affirming sanctions. In that case, by memorandum opinion, we explained why some of the very same allegations urged in this appeal in support of Count III were immaterial and insubstantial and pointed out how Plaintiff could obtain any relief to which he might be legally entitled through a motion to modify. Instead, counsel has apparently chosen to repackage similar allegations and use them as the basis for a frivolous lawsuit against opposing counsel.

Plaintiff's counsel was a direct participant in the execution sale and thus could not conceivably have entertained a good faith belief that his client suffered any prejudice from the alleged failure to specify the courthouse door where the sale was to occur. Plaintiff's counsel also prepared the record on appeal, omitting the court files which presumably would have exposed the frivolous nature of the other claims. Even more disturbing, Plaintiff's counsel affirmatively misrepresented in his brief matters reflected in the record that was filed. For example, the brief asserts that the contents of the court files from the execution proceedings were not drawn to the attention of the trial court until Defendants filed their memorandum in support of their motion for judgment;[8] yet the motion itself makes specific reference to such materials, including cause numbers, in the very first paragraph. Such misrepresentation is material because it is offered in support of Plaintiff's argument that Dubin's affidavit and Defendants' memorandum were filed less than 10 days prior to the court's ruling, thereby rendering the hearing untimely under Rules 74.04 and 55.27(b). There is no dispute that the motion itself was filed more than 10 days prior to the hearing.

Based on the foregoing, we find that substantial sanctions should be imposed pursu-

---

7. We note that Dubin's affidavit states without contradiction that this hearing resulted in an additional order for sanctions against Plaintiff in the amount of $100.00.

8. This contention by itself supports the inference that counsel was well aware of the significance of such files and deliberately chose not to include them in the record on appeal.

ant to Rule 84.19 and that it is appropriate that such sanctions be assessed against both Plaintiff and his attorney. Accordingly, we hereby award sanctions against Plaintiff and his attorney, Lee R. Elliott, in the amount of $2,500.00 each, to be paid to Respondent Aaron S. Dubin.[9] Plaintiff's appeal is dismissed.

CARL R. GAERTNER, P.J., and CRANE, J., concur.

---

**9.** Although the other members of Dubin's firm are named in the petition as defendants, no claim was stated against them and their dismissal was not directly in issue in this appeal.