TILE–CRAFT PRODUCTS CO., Inc., a Missouri Corporation, Respondent,

v.

COLONIAL PROPERTIES, INC., d/b/a Colonial Village Apartments, a Missouri Corporation, Appellant.

No. 53317.

Supreme Court of Missouri, Division No. 2.

Feb. 9, 1970.

Lowell C. McGowen, Clayton, for plaintiff-respondent.

Nations & Yocum, by Gus O. Nations, Clayton, for defendant-appellant.

BARRETT, Commissioner.

The plaintiff-respondent, Tile-Craft Products Company, is a distributor and dealer in "kitchen and bathroom specialty products," refrigerators, cabinets for kitchens and bathrooms, Formica tops for cabinets, electric stoves, vanities and doors. The defendant-appellant, Colonial Properties, was the developer-builder of a large apartment complex, $975,000.00, consisting of five apartment houses in the 7900 block of Big Bend Boulevard. In August 1962, the plaintiff and the defendant entered into a contract in which plaintiff agreed "to furnish" certain specified items, cabinets, ovens, refrigerators and numerous other items for kitchens and bathrooms in 72 apartments at specified prices. The contract consisted of a proposal by the plaintiff in the form of a letter and an acceptance signified by the signature of Mr. Roy F. Graham, the principal officer and guiding spirit of the defendant company. When the project was all but complete the plaintiff, Tile-Craft, instituted this action against defendant Colonial Properties in two counts, one in contract and the other in quantum meruit, for the balance due under the agreement, $35,786.93. The total price for the items supplied and installed in the 72 apartments was $58,357.49 but there were payments on account and adjustments of $22,570.56.

In its answer the defendant Colonial Properties admitted the execution of the agreement, the delivery and installation of

many of the items and its payment of two installments on statements rendered, $11,138.40 and $11,432.16. The defendant alleged, however, that plaintiff through its principal owner-operator, Paul James, made certain representations and warranties as to its qualifications to do the necessary work of installation and its ability to furnish the specified items, many of which turned out to be false and untrue and that numerous items were not supplied. For example, there were to be 72 Hotpoint refrigerators of a certain model, only 8 of which were installed, 41 of another model substituted, 2 Tappan refrigerators included, and in the end, defendant claimed, 22 were not received at all. There were long, detailed complaints as to numerous matters, a claim that the apartments were to be completed by September 1, 1963, but due to plaintiff's breaches of agreement completion of the apartments was delayed resulting in a loss of rentals of $15,000.00. Defendant alleged that by reason of plaintiff's "violations, omissions, breaches and failures" the merchandise delivered was "worth only $40,000.00" instead of $58,357.49 and so defendant claimed damages of $18,357.49. Mr. Graham claimed a loss of time of 100 hours for himself and the superintendent and thereby damages of $5000.00. And then there have been amendments to conform to proof of losses and damages for specified items; for example, correction of counter-tops, payments to carpenters for correction of oven cabinets and finally a "loss of rental and a waste of utilities," all totaling $34,280.64. And now on this appeal, and particularly upon the instructions, the appellant Colonial Properties refers to these items as "setoffs," "occurrences" and at one point in its argument there is this statement: "Defendant does not seek to claim money damages in excess of what may be owed to plaintiff. Rather defendant defends in *recoupment* in order to limit or extinguish plaintiff's claim." (Emphasis supplied.)

At the conclusion of an eight-day trial, a jury, on a ten to two vote, returned a general verdict in which they "find the issues in favor of the defendant." The plaintiff's case was submitted on the theory of the first count of its petition, quantum meruit. Thus upon this appeal there is no question as to the second count of breach of contract and while Graham and James were once parties in their individual capacities there is no question here as to their status or personal liabilities. After the jury verdict there was a lengthy motion for a new trial and on May 24, 1967, the court sustained plaintiff's motion "upon the grounds stated in Paragraphs 4 and 5 of said motion," that the court had prejudicially erred in giving the jury Instructions 3 and 6 at the request of defendant.

Since plaintiff was granted a new trial defendant has appealed "and the determinative question is whether Instructions 3 and 6 were prejudicially erroneous." In this connection it should be noted that in addition to a three-volume record the appellate task has not been made any easier by the respondent's briefing a number of collateral matters some of which have become so well-settled as to admit of no question, for example, the "verdict [is] against the greater weight of the [credible] evidence" (Baumle v. Smith, Mo., 420 S.W.2d 341; Cluck v. Abe, 328 Mo. 81, 40 S.W.2d 558) even though upon this record the court may well have granted a new trial on that ground alone. In view of the limited and determinative question it is not necessary to further relate the facts, it is sufficient to say that the record has all been read and duly considered and that the parties adduced evidence in support of their two opposing theories and claims some of which were less than meritorious or convincing.

As stated, plaintiff submitted its right to recovery upon the hypothesis of quantum meruit under an instruction drafted by its counsel (MAI 26.05 and 4.04 were not then drafted or effective—see pages XVIII and XIX Missouri Approved Jury Instructions). In substance the verdict was to be for plaintiff if the jury "believed" that plaintiff sold to defendant, at defendant's

request, certain goods and merchandise and that defendant agreed to pay their reasonable value but failed to do. Against this submission Instructions 3 and 6 were given at defendant's request. Instruction 3 purported to be a modification of 17.02 "Verdict Directing-Multiple Act Submitted." Instruction 6 did not purport to be a modification of any instruction. Instruction 3 reads, with emphasis supplied:

"Your verdict must be for the defendant on *any of its setoffs* mentioned in the evidence, if you find:

First, plaintiff failed to furnish the merchandise which defendant agreed to buy, *and/or*

Second, *plaintiff delayed the completion* of the apartments as a direct result of the *occurrences* mentioned in the evidence and plaintiff knew at the time of entering into the *agreement* mentioned in the evidence that the *apartments were to be rented* on completion by the defendant, and

Third, *as a direct result defendant was damaged."*

Instruction 6, with emphasis supplied, reads:

"If you find the issues in favor of the defendant on any of its *setoffs* mentioned in the evidence then you must, *in determining and computing said setoffs, consider the difference between the price agreed to be paid* by the defendant under the *terms of the agreement* mentioned in the evidence and *the reasonable market value* of said merchandise at the time and place of delivery. Further, if you find that *plaintiffs delayed* the *completion* of the apartments, *then you must consider the reasonable rental value of said apartments for the period of delay."*

The first matter of significance and force upon this appeal is the fact that because of these instructions the trial court has granted plaintiff a new trial. While the "first" paragraph of Instruction 3 may be subject to the construction, as appellant Colonial contends, that it is a converse (in support of which it cites old 29.01, not 17.02), it is difficult to conceive of "setoffs" and delays in completion, to say nothing of "recoupments," as the converse of a simple claim to recover the reasonable value of goods and merchandise delivered. It is not deemed advisable here to specifically comment on the use of "and/or," or the effect and purpose of the word "occurrences" in paragraph "second" of Instruction 3, or to comment on the use of "find" instead of "believe" which appellant now says "are not material error." Both Instructions 3 and 6 speak of "setoffs" and at the same time Instruction 6 appears to measure this item "under the terms of the *agreement"* and in a separate sentence submits a finding and recovery of "rental value" for delay. This is not to say that any or none of these are or are not relevant, it is to point out, as the trial court indicated, that they combine a number of confusing and no doubt misleading matters and overlapping claims. Neither is it necessary here to say whether these two instructions, either singly or together, violate an "excluded area" of MAI: "The practice of submitting dual or multiple theories of recovery or defense in the conjunctive is prohibited." See general comment on converse instructions, Missouri Approved Instructions, p. 349 and MAI 1.02. The two cases most clearly in point, insofar as the substantive rules of law are concerned, and this avoids the necessity of attempting a definitive determination of all the matters heretofore mentioned, are Buffington v. Fairground Sales Company, Mo.App., 402 S.W.2d 59, and Freeman Contracting Company v. Lefferdink, Mo.App., 419 S.W.2d 266.

The Lefferdink case was a suit to recover a money judgment for work done on defendant's house under a contract. As to plaintiff's performance and defendant's right to recoupment (which "has lost much of its identity") or to a counterclaim, it is there pointed out that

the doctrine "is a purely defensive matter growing out of the transaction constituting the plaintiff's cause of action, and applicable only to reduce or satisfy the plaintiff's claim. In other words, it goes only to mitigation or extinguishment of damages, and differing from a counterclaim, permits no affirmative judgment for the defendant." (419 S.W.2d 1. c. 275). Here, in one sense, there was no affirmative award to defendant, but it is not known just what the jury did find by its general verdict for the defendant and Instruction 6 authorized two separate and distinct awards of damages on two separate theories, a setoff measured by the difference in the "agreed" price and its "reasonable market value" and, finally, an award of the rental value as damages for delay on plaintiff's part. The Buffington case was a suit for damages for breach of warranty in the sale of cows. There was an award to the plaintiff in that case but as to one of plaintiff's instructions submitting "certain representations," it was said that it was "insufficient in several respects" and in no event would MAI "authorize the submission merely of 'certain representations' as compliance" with Civil Rule 70.01(e). In short, as was said of a plaintiff's instruction in a suit to recover the agreed price of linoleum tile when there had been partial payments: "Not only was there error in allocating to the jury the construction of the contract but the attempt to do so was couched in terms of utter indefiniteness as to the principal amount, only a part of which had been paid. Here the principal amount is expressed in terms of 'the price mentioned in the evidence.' To what is the jury referred when those words are used? * * * The net result is that the jury was confronted with a term without established meaning and it was not instructed in other terms which would have established the criteria by which to determine what was meant by price." Veterans Linoleum & Rug, Inc. v. Tureen, Mo.App., 432 S.W.2d 372. Other cases indicating that these two instructions furnish wholly inadequate, confusing and misleading guidelines and were therefore prejudicially erroneous are Hunter v. Norton, Mo., 412 S.W.2d 163; Crow Contracting Corp. v. George F. Smith Co., Mo.App., 407 S.W.2d 593; Saunders v. Crusader Life Insurance Co., Mo.App., 421 S.W.2d 563, and Knepper v. Bollinger, Mo. App., 421 S.W.2d 796. Accordingly, the order and judgment granting plaintiff a new trial is affirmed and the cause remanded.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

MORGAN and FINCH, JJ., and LUTEN, Special Judge, concur.

DONNELLY, P. J., not sitting.