**TILE–CRAFT PRODUCTS CO., INC., a Missouri corporation, Respondent,**

**v.**

**COLONIAL PROPERTIES, INC., d/b/a Colonial Village Apartments, a Missouri corporation, Appellant.**

**No. 56443.**

Supreme Court of Missouri,
Division No. 2.

Sept. 10, 1973.

**548**

Robert W. Henry, Clayton, for plaintiff-respondent.

Nations & Yocum, Gus O. Nations, Clayton, for defendant-appellant.

STOCKARD, Commissioner.

Defendant filed its notice of appeal prior to January 1, 1972 from a judgment in the amount of $36,814.00 entered in plaintiff's action to recover the value of goods and merchandise furnished pursuant to a contract. This is a second appeal. See Tile-Craft Products Co. v. Colonial Properties, Inc., 449 S.W.2d 653 (Mo.1970).

Plaintiff alleged that it delivered to defendant certain goods and merchandise of the value of $58,357.49 to be used and installed in apartments being constructed by defendant, and that defendant had paid $22,570.56 leaving a balance due and owing of $35,786.93. Defendant admitted the delivery of certain goods and merchandise, and the making of several payments, but denied the alleged value of the goods. Defendant also alleged a breach of warranty and that some of the goods did not conform to the agreement. Damages resulting from the nonconforming items, loss of rentals and other losses were alleged to be in an amount exceeding the amount claimed by plaintiff.

By its verdict the jury awarded damages to plaintiff in the amount of $26,109.00 plus $10,705.00 interest, and defendant has appealed from the ensuing judgment. ·

■ Appellant first asserts that the trial court erred in refusing to permit it to read into evidence certain statements made in a deposition by Mr. Paul James, president of plaintiff·corporation, offered on the basis that they constituted admissions against interest.

Mr. James testified at the trial and was cross-examined at length by appellant. The statements were not used for purposes of impeachment.

In Meyer v. Dubinsky Realty Co., 133 S.W.2d 1106 (Mo.App.1939), portions of a deposition of the president of a corporate defendant were offered in evidence as admissions against interest. It was there held: "Of course such statements, even though they were made by * * * the president of the company, did not constitute admissions against defendant's interest, since [the deponent] had not given his deposition in evidence in the course of the performance of any official function for defendant. Furthermore, [the deponent] was not a party to the action, and the only status he could have occupied would have been that of a mere witness in the case." This is the general rule. See Capra v. Phillips Investment Company, a corporation, 302 S.W.2d 924 (Mo.Banc 1957); Kolb v. Howard Corporation, 219 S.W.2d 856 (Mo.App. 1949). See also 29 Am.Jur.2d Evidence §§ 666–667, and 19 C.J.S. Corporations § 1071.

Appellant attempts to avoid the above rule by contending that Mr. James and the corporate plaintiff were in fact the same; as stated in argument, "Mr. James is, in fact, the corporation." By then referring to the testimony of Mr. James to the effect that he supervised the work and made de-

cisions pertaining to the performance of the contract, appellant contends that he was acting in the scope of his authority as president of the plaintiff-corporation in giving his deposition.

The supervisory work may have been within the scope of Mr. James's duties as president, but it does not necessarily follow that the ordinary scope of his duties as president included the giving of a deposition, Meyer v. Dubinsky Realty Co., supra; at least appellant did not present evidence authorizing such a finding. Appellant has not demonstrated that the general rule is not applicable and the trial court did not commit prejudicial error by excluding from the consideration of the jury the statements of Mr. James offered on the basis that they constituted admissions against interest of the corporate plaintiff.

■ Appellant also assigns as error the refusal of the trial court to admit in evidence "the records of the Dolan Company which were qualified for admission under the Uniform Business Records as Evidence Act."

Mr. Theodore Weber testified that he was an officer of the Dolan Company, and that he was manager of its rental department. He testified for appellant in support of its contention that by reason of the failure of plaintiff to perform its agreement timely and properly it has sustained a loss of rent. He stated that he had brought with him the records of the Dolan Company and that they had been kept in the ordinary course of business by him or someone under his supervision. He then testified at great length, both on direct and cross-examination, as to what was shown by those records concerning the completion dates and occupancy periods of the various units. At the conclusion of the testimony of Mr. Weber, counsel for appellant stated: "I want to offer in evidence the records of the Dolan Company." Plaintiff made a general objection stating no reason, and the court ruled: "Sustained. They

will not be received in evidence." Appellant made no offer of proof.

■ Appellant advances no reason on this appeal why these records were admissible in evidence except that they were qualified as business records. That would prevent them from being inadmissible on the basis that they constitute hearsay, but such qualification "does not make relevant that which is not otherwise relevant, nor make all business and professional records competent evidence regardless of by whom, in what manner, or for what purpose they were compiled or offered, * * *." Kitchen v. Wilson, 335 S.W.2d 38, 43 (Mo.1960). There is no basis for determining that the court erred in refusing to admit the records in evidence. Appellant did not inform the court of the asserted relevancy of *all* of the records, and it made no offer of proof. "Nothing is preserved for appellate review when a court rejects evidence, in the absence of an offer of proof." Hays v. Western Auto Supply Company, 405 S.W.2d 877, 881 (Mo.1966).

■ Appellant's final contention is that the court erred in overruling its objection to a portion of the argument of plaintiff because it "was outside the scope of the issues and the evidence."

Near the close of his argument plaintiff's counsel said: "I think, as I told you awhile ago, it is a modern method of doing business and this isn't just a case of Tile-Craft versus Colonial. This is the case of all of the suppliers against all of the builders." Appellant's objection was: "May I object to that as being improper jury argument?" The objection was overruled and counsel continued: "I think you are encouraging other people to use other people's money. * * *. He used his money, he is still using his money, and it's a part of the practice, and I want you folks to put a stop to it. If you come in with verdict for everything he is entitled to, you will put a stop to this. These contractors will know they can't pull this mularky for

seven years using somebody else's money." No further objection was made.

By this argument counsel for plaintiff had reference to the fact, shown by the evidence, that six years had passed since demand had been made for payment for the goods, and that during that time the appellant was in effect using plaintiff's money. This was relevant to the request of plaintiff for interest on the amount due and owing. We shall assume, however, that the references to "a modern method of doing business," and that "this is a case of all of the suppliers against all of the builders," constituted improper argument. Even so, we do not consider that a reversal of the judgment is required or justified.

Appellant's objection was general, and it did not advise the court of the specific basis as to why the argument was considered to be prejudicial. Also, the evidence in this case covered many contentions made by both parties. The fact that appellant had used some of the items furnished by plaintiff, and not paid for by appellant, as collateral was shown by the evidence. In addition, in regard to the contention that the argument was outside the issues, we note that by agreement this case was submitted to the jury *without* any verdict-directing instructions, and therefore appellant agreed that for the purposes of consideration by the jury the issues should not be defined and delimited.

The trial court heard the argument, and when ruling on the specific contentions presented in the motion for new trial, of which this was one, it determined that a new trial was not required.

We cannot say, in view of all these circumstances, that the trial court abused its discretion, see Collins v. Cowger, 283 S. W.2d 554 (Mo.1955), and we also conclude from our study of the case that the argument, although not strictly within the issues and perhaps improper, was not calculated to arouse hostility, Dodd v. Missouri-Kansas-Texas R. Co., 353 Mo. 799, 184 S. W.2d 454 (1945), or create a feeling of re-

sentment against or aversion to the appellant, Nelson v. Heine Boiler Co., 323 Mo. 826, 20 S.W.2d 906 (1929), or gain unfair advantage by appealing to prejudice, passion or sympathy. State ex rel. S. S. Kresge Co. v. Shain, 340 Mo. 145, 101 S. W.2d 14 (1936). When considered in this light, it does not follow that, as a matter of course, the judgment must be reversed. We are not to take that action unless we conclude that error resulted "materially affecting the merits of the action." Rule 83.13, V.A.M.R. The argument complained about did not have that result.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

HENLEY, P. J., DONNELLY, C. J., and MORGAN, J., concur.

FINCH, J., not a member of Division when cause was submitted.