**STATE of Missouri,
Plaintiff-Respondent,**

v.

**William TOWNSEND,
Defendant-Appellant.**

No. 68932.

Supreme Court of Missouri,
En Banc.

Sept. 15, 1987.

Rehearing Denied Oct. 13, 1987.

Holly Simons, Deborah Lambdin Stockhausen, Asst. Public Defenders, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Kurt Hentz, Lee A. Bonine, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

HIGGINS, Judge.

William Townsend was convicted of two counts of second degree assault, section 565.060, RSMo 1984, and one count of armed criminal action, section 571.015, RSMo 1978. He was sentenced to four years on each count; counts I and II to run concurrently and count III to run consecutively. This Court granted transfer to decide whether an offer of proof made by defendant in narrative form was sufficient to preserve an evidentiary question for review. Affirmed.

During the early morning hours of January 1, 1985, Marlene Gentry and Lamont Morris were celebrating the new year in the second floor hallway of their apartment building. Townsend, who lived on the third floor of the same building, had been outside shooting his gun with some friends. Townsend returned to the building via the second floor, pointed the gun at Morris and threatened to shoot him if he moved. Gentry said she ran towards Morris to take him away from Townsend when he discharged the gun striking both Morris and Gentry. Gentry lost her left eye, Morris sustained

head and neck injuries and is permanently blind in his right eye. Townsend said the gun accidently fired when he was bumped and that he did not deliberately point it at the victims.

At trial the defense sought to introduce evidence from Gentry's medical records in which she characterized the shooting as an accident. Counsel asked to recall the Barnes Hospital records custodian to present the evidence. After the State objected, counsel referred to the statement and commented on its relevance to the issue of defendant's intent. The trial court denied counsel's request to recall the witness and present the medical records because the evidence was speculative. Counsel then asked, for the purpose of an offer of proof, to announce her intention to call the witness and have the court rule on the objection in front of the jury. The court allowed her to do so and asked, "And that's all? Not what the witness would say?" Counsel did not ask the court for permission to call the witness to present an offer of proof, and she did not detail what testimony the witness would present. Counsel asked only for the court to mark the relevant portions of the medical records for the offer of proof.

For his charge of error appellant contends the medical records should have been admitted to impeach Gentry and to negate the element of intent. He claims that an offer of proof summarizing the testimony was appropriate because the court refused to allow the witness to testify. The State asserts that the offer of proof was insufficient because the defense neither questioned the witness nor summarized the anticipated evidence in a detailed or specific manner. The State also maintains that the statement was inadmissible hearsay.

 The purpose of an offer of proof is to insure that the trial court and opposing counsel understand what evidence is being offered and its relevance to the case. *Stipp v. Tsutomi Karasawa*, 318 S.W.2d 172 (Mo.1958). The offer should be specific and in sufficient detail to demonstrate its admissibility; mere conclusions of counsel will not suffice. *Kinzel v. West Park Investment Corp.*, 330 S.W.2d 792 (Mo.1959); *State v. Umfrees*, 433 S.W.2d 284 (Mo.

banc 1968). Missouri courts agree that a proper method of presenting and preserving an offer of proof is to place the witness upon the stand and question him outside the presence of the jury. *Karashin v. Haggard Hauling & Rigging, Inc.*, 653 S.W.2d 203 (Mo. banc 1983); *Bowe v. Kehr*, 345 S.W.2d 224 (Mo.1961); *Stipp*, 318 S.W.2d at 175. While this method is preferable, it is not the only accepted method. Some Missouri courts have also allowed counsel to make the offer in narrative form by summarizing the proposed testimony of the witness. *Stipp*, 318 S.W.2d at 175; *State v. Bullington*, 680 S.W.2d 238 (Mo. App.1984); *State v. Dixon*, 655 S.W.2d 547 (Mo.App.1983); It is, however, more difficult for counsel to present a detailed and specific summarization of a witness' testimony without presenting conclusions of counsel. When counsel uses the narrative offer of proof he runs a greater risk that the court will find the offer insufficient. *Bullington*, 680 S.W.2d at 243–44; *Dixon*, 655 S.W.2d at 557. Here Townsend's narrative offer of proof failed to state the facts in sufficient detail to establish the admissibility of the evidence. Counsel never mentioned the impeachment purpose of the evidence during the trial. The Court need not speculate on a party's reasons for introducing evidence. It may also assume that the party making the offer of proof has stated it as fully and favorably as it can. *Umfrees*, 433 S.W.2d at 286.

Because of the failure properly to preserve and present the offer of proof, the trial court did not err in its refusal, and the judgment of the trial court is affirmed.

BILLINGS, C.J., and ROBERTSON, J., concur.

BLACKMAR, J., concurs in result in separate opinion filed.

RENDLEN, J., concurs in result and concurs in separate concurring in result opinion of BLACKMAR, J.

DONNELLY and WELLIVER, JJ., dissent.

BLACKMAR, Judge, concurring in result.

The principal opinion is helpful in outlining methods available to counsel in making

an offer of proof in order to demonstrate, both to the trial court and to the appellate court, that evidence which has been offered and rejected is relevant and material. Unless the courts have some understanding of the rejected evidence it is absolutely impossible to determine whether the rejection was prejudicial.

I do not believe, however, that the present case is appropriately decided on the basis of the inadequacy of the offer of proof. Here the victim gave testimony supporting the charges of assault and armed criminal action. The defendant sought to impeach the victim's testimony on the basis of a prior and allegedly inconsistent statement. Counsel began, as required, by asking the victim whether she had made a prior statement characterizing the incident as an accident. After some sparring, counsel asked the victim if she recalled "describing it as some type of incident or another." The witness answered "no." This provided a minimal foundation for making other proof of the supposedly inconsistent statement. The other proof consisted not of the testimony of witnesses, but of the victim's statements summarized in the records of her hospitalization following her injury.

The defendant then sought to produce the medical librarian from Barnes Hospital as a witness to authenticate the hospital records. The librarian had the records with her. She knew nothing about what the victim had said and could only testify that the documents she brought with her were records in her custody made in the usual course of business of the hospital.

The records were not marked as an exhibit but were produced in court. They of course should have been marked for positive identification. The trial judge, however, seemed to be perfectly aware of what the records said and said that the statements of the victim as described in the hospital records, were "purely speculative."

An examination of the records shows that the ruling was well within the trial judge's discretion. The records did not purport to record the witness's actual words. They contained notes made by the social worker regarding the condition of the witness. At one point the notes state "Verbal about past accident and impact on children." Statements such as this are not inconsistent with the victim's trial testimony. It is not necessary to decide the additional question as to whether the summarized statements could withstand a hearsay objection.

Counsel could have made the work of the trial and appellate courts easier, first, by having the hospital records marked for identification and, second, by reading into the record or providing an extract of the precise portions which were alleged to contain impeaching material. It seems to me, however, that the trial judge made it clear that he knew what counsel wanted to offer and concluded that the evidence would serve no useful purpose in the trial. Perceiving no error in his holding, I would affirm on the merits.