Teena and Mark TERRY, Appellants,

v.

Raymond D. MOSSIE, Respondent.

No. WD 58381.

Missouri Court of Appeals,
Western District.

Nov. 13, 2001.

Fred Duchardt, Jr., Kearney, for Appellants.

Jayson Allen Ford, Kansas City, for Respondent.

PAUL M. SPINDEN, Chief Judge.

Appealing from the circuit court's judgment for the defendant in this malpractice lawsuit, Teena and Mark Terry raise one issue: whether the circuit court erred in refusing to permit the Terrys to offer evidence of three of Raymond Mossie's former patients who allege that his treatment of them was substandard. Two of the patients had lawsuits pending against Mossie, and a third was contemplating future legal action. We conclude that the Terrys did not preserve the issue for appellate review and, therefore, dismiss the appeal.

During trial, the Terrys' expert witness testified that Mossie's surgical techniques and post-operative care were substandard. Mossie responded by testifying concerning his techniques. He discussed at length his education and training, and provided examples of his success in using particular techniques.

The Terrys contend that Mossie's testimony "opened the door" to their presenting evidence of instances of Mossie's substandard work. They sought to present evidence that Mossie was negligent in performing surgery on three other women. One of those cases involved a breast reduction. The Terrys assert that the circuit court's denial of this evidence was erroneous because the evidence was relevant and material.

■ The Terrys' offer of proof preserved nothing for us to review. "Normally, an appellate court will not review evidence excluded by the [circuit] court unless a *specific* and *definite* offer of proof was made at trial ... show[ing] ...:(1) what the evidence will be; (2) the purpose and object of the evidence; and (3) *each fact essential* to establishing the admissibility of the evidence." *State v. Hirt*, 16 S.W.3d 628, 633 (Mo.App.2000) (emphasis added). *See also Choate v. Natvig*, 952 S.W.2d 730, 733 (Mo.App.1997) (appellant has duty to establish evidence's relevancy and materiality in detail), and *School District of the City of Independence, Missouri v. U.S. Gypsum Company*, 750 S.W.2d 442, 454 (Mo.App.1988) ("plaintiff had been unable to discover the exact nature of Dr. Crump's testimony, and the trial court heard only the conclusory statements of counsel. The trial court had no sound basis for ruling on admissibility and the appellate court has no adequate record for review.").

■ The preferable way to make an offer of proof is by asking the proposed witness questions outside of the jury's presence, but narrative offers of proof are *occasionally* found to be adequate. *State v. Townsend*, 737 S.W.2d 191, 192 (Mo.

banc 1987) (emphasis added). The offer must be more than a "mere statement of the conclusions of counsel." *Kinzel v. West Park Investment Corporation,* 330 S.W.2d 792, 796 (Mo.1959). Because making an effective narrative offer of proof is difficult, "counsel ... runs a greater risk that the court will find the offer insufficient." *Townsend,* 737 S.W.2d at 192.

■ Appellant counsel's narrative offer of proof was sparse in detail and often consisted merely of counsel's conclusions. This leaves us with an insufficient record for review. " 'Nothing is preserved for appellate review when a court rejects evidence, in the absence of an offer of proof.' " *Tile–Craft Products Company, Inc. v. Colonial Properties, Inc.,* 498 S.W.2d 547, 549 (Mo.1973) (quoting *Hays v. Western Auto Supply Company,* 405 S.W.2d 877, 881 (Mo.1966)).

■ Nonetheless, the circuit court has broad discretion in deciding whether to admit or to exclude evidence at trial. *Karashin v. Haggard Hauling and Rigging, Inc.,* 653 S.W.2d 203, 205 (Mo. banc 1983). Our standard for reviewing the circuit court's exclusion of evidence is not whether the evidence was admissible, but whether the circuit court abused its broad discretion in excluding it. *Copeland v. Mr. B's Pool Centers, Inc.,* 850 S.W.2d 380, 381 (Mo.App.1993).

The circuit court's denial of the Terrys' evidence was not an abuse of discretion. Rather than asking Mossie questions such as whether any of his patients ever had surgical wounds that did not heal, the Terrys sought to ask "about allegations of medical malpractice against him that are currently pending in this [c]ourt and also in the [c]ourt in Jackson County." The circuit court would have been reasonable in presuming that Mossie would have denied that the allegations of negligence were accurate. Nothing about those alle-gations, including opinions of the alleged victims and their physicians were legally relevant to the Terrys' case because the risk of prejudice and confusion outweighed any probative value.

JAMES M. SMART, JR., Judge, and LISA WHITE HARDWICK, Judge, concur.