**STATE of Missouri, Respondent,**

v.

**John P. JONES, Appellant.**

**No. WD 71021.**

Missouri Court of Appeals,
Western District.

Sept. 21, 2010.

Rehearing Denied Nov. 2, 2010.

Susan E. Summers, Esq., Kansas City, MO, for appellant.

Shaun J. Mackelprang, Esq., Evan J. Buchheim, Esq., Jefferson City, MO, for respondent.

BEFORE DIVISION FOUR: LISA WHITE HARDWICK, C.J., Presiding, JAMES E. WELSH and KAREN K. MITCHELL, JJ.

LISA WHITE HARDWICK, Chief Judge.

John Jones was convicted of second-degree murder and armed criminal action following a jury trial. An autopsy revealed alcohol and cocaine in the victim's bloodstream. On appeal, Jones contends the circuit court erred in excluding the testimony of an expert witness who would have testified as to the general effects of cocaine and alcohol on the average person. For reasons explained herein, we affirm the judgment of conviction.

## FACTUAL AND PROCEDURAL HISTORY

On July 21, 2007, Jones and Phillip Dunning were playing pool in a bar in Kansas City, Missouri, when they took offense to a joke told by another patron. An argument ensued, and bartender Kelly Hutchens warned Jones and Dunning to calm down or they would have to leave. When the argument continued, Hutchens ordered Jones and Dunning out of the bar. Jones reached across the bar and forcefully grabbed Hutchens's arm.

Hutchens's boyfriend, Andy Wright, was sitting at the bar. Wright told Jones not to touch Hutchens and began to escort Jones towards the door. Jones pushed Wright, and the pair fell to the floor. Jones stood up, holding a knife, and fled the bar. Wright was bleeding heavily and subsequently died from three stab wounds to the chest. Jones was arrested and charged with second-degree murder, § 565.021, and armed criminal action, § 571.015.[1]

An autopsy later revealed that Wright had ingested cocaine prior to his death and his blood alcohol content was approximately 0.21%. Prior to trial, the State filed a motion *in limine* to exclude the testimony of Dr. Terry Martinez, a toxicologist who was expected to testify as a defense expert about the results of the autopsy and the general effects of cocaine and alcohol on the average person. The circuit court granted the motion in part and denied it in part, but the record on appeal does not provide further explanation of this ruling.

At trial, Dunning testified that he had left the bar briefly and, upon returning, he saw Jones and Wright involved in an "altercation." Dunning said Jones stabbed Wright after Wright had placed his hands around Jones's neck, choking him. Dunning's testimony was contrary to his original statements to police that Jones and Wright had not touched until they had fallen to the ground.

Jones did not testify at trial. He presented expert testimony from Martinez regarding the autopsy report indicating Wright's ingestion of cocaine and his blood alcohol content of 0.21%. Jones also made an offer of proof, seeking to admit Martinez's testimony regarding the effects of cocaine and alcohol on the average person. During the offer, Martinez testified that at a blood alcohol level of 0.09% to 0.25% "the average person who is non-tolerant" would experience emotional instability, decreased inhibitions, and loss of critical judgment. He explained that the "average person" is someone who doesn't drink to excess several times a week. Martinez noted there is "considerable variation" between individuals with regard to the effects of intoxication.

Martinez also testified that the toxicology report led him to believe Wright had consumed the cocaine within three hours of his death. He said cocaine functions as a stimulant and the combination of alcohol and cocaine create even greater mood disturbances than the sum of their separate effects. A person who builds up a tolerance to cocaine is not less affected by the drug but actually becomes more psychotic and mentally deranged. Martinez acknowledged that he did not know if Wright used cocaine chronically or whether Wright was considered an average, nontolerant consumer of alcohol.

The circuit court denied admission of Martinez's testimony as outlined in the offer of proof. The court submitted a self-

---

1. All statutory references are to Revised Statutes of Missouri 2000 as updated through the 2009 Cumulative Supplement.

defense instruction to the jury. The jury returned a guilty verdict on both counts. The court sentenced Jones to concurrent prison terms of twenty-five years for second-degree murder and five years for armed criminal action. Jones appeals.

### ANALYSIS

In his sole point on appeal, Jones contends the circuit court erred in excluding the testimony of Martinez relating to the general effects of cocaine and alcohol on the average person. He argues Martinez's expert testimony was admissible to assist the jury in understanding how Wright may have been impaired by his ingestion of alcohol and cocaine. Jones further argues that this evidence could have caused the jury to find that he acted in self-defense based on Wright's conduct.

■■■■ The decision to admit or exclude expert testimony is within the sound discretion of the trial court. *Johnson v. State,* 58 S.W.3d 496, 499 (Mo. banc 2001). The trial court abuses its discretion when a ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *State v. Broussard,* 57 S.W.3d 902, 911 (Mo.App.2001). "If reasonable people can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." *Id.*

■■■■ "An offer of proof must demonstrate the relevance of the testimony offered, must be specific, and must be definite." *State v. Seiter,* 949 S.W.2d 218, 224 (Mo.App.1997). "If an offer of proof consists of evidence which is admissible in part and inadmissible in part, the trial court is justified in rejecting the entire offer." *Broussard,* 57 S.W.3d at 911.

■■ "[T]he essential test of the admissibility of expert testimony is whether such testimony will be helpful to the jury." *Id.* at 912. The testimony "should address a subject about which the jurors lack experience or knowledge." *State v. Allen,* 274 S.W.3d 514, 526 (Mo.App.2008). The expert's opinions must not unnecessarily divert the jury's attention from the relevant issues. *Id.*

■ Here, during Jones's offer of proof, Martinez readily acknowledged that he could only provide an expert opinion as to the general effects of cocaine and alcohol on the average person. Martinez explained that he had not examined Wright, and his expert opinion was based primarily on a toxicology report prepared in connection with Wright's autopsy. Martinez had no knowledge as to whether Wright was tolerant of the effects of alcohol or regularly used cocaine. Importantly, he explained that there is considerable variation in the effects of intoxication on various individuals.

Although Wright testified that the average, non-tolerant individual with a blood alcohol level of approximately 0.21% would experience emotional instability, decreased inhibitions, and loss of critical judgment, there was no evidence that Wright experienced or displayed any of these symptoms. Other patrons of the bar testified that just prior to his altercation with Jones, Wright had not been slurring his words or walking with a stagger. Testimony produced at trial indicated that Wright had been calmly sitting at the bar and smiling while talking to his girlfriend.[2]

---

**2.** Although Dunning testified that Wright placed his hands around Jones's neck, that did not occur until after the two were fully involved in the altercation. Dunning had left the bar and, when he returned, the physical

In the absence of evidence indicating that Wright displayed symptoms of instability or impairment, there is nothing in the record to establish that his conduct was materially affected by his use of alcohol or cocaine. The general types of conduct discussed by Martinez did not describe any behavior similar to that exhibited by Wright. Under these circumstances, Martinez's expert opinion testimony would not have helped the jury and would have only diverted the jury's attention from the relevant issues in the case. *See Broussard,* 57 S.W.3d at 912 (expert testimony regarding general effects of methamphetamine use would not have helped the jury when expert's descriptions of behaviors associated with methamphetamine use were not similar to those behaviors exhibited by the victim); *State v. Lint,* 657 S.W.2d 722, 725 (Mo. App.1983) (expert testimony regarding general effects of marijuana use properly excluded when expert had not examined the victim and there was no evidence that marijuana use had any material effect on the victim). Accordingly, the circuit court did not abuse its discretion in excluding the portion of Martinez's testimony concerning the general effects of cocaine and alcohol. The point on appeal is denied.

## Conclusion

We affirm the judgment of conviction.

All Concur.

altercation between Jones and Wright was already in progress.