

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,                     )
                                       )
    Plaintiff-Respondent,      )
                                       )
v.                                     )    No. SD37522
                                       )    Filed: September 19, 2023
KIMBERLY RISTON,                       )
                                       )
    Defendant-Appellant.       )

### APPEAL FROM THE CIRCUIT COURT OF TEXAS COUNTY

Honorable John D. Beger, Circuit Judge

### **AFFIRMED**

Kimberly Riston (Defendant) appeals from her convictions for second-degree murder, first-degree robbery, first-degree tampering with a motor vehicle, and two counts of armed criminal action (ACA). *See* § 565.021; § 570.023; § 569.080; § 571.015.[1] Defendant presents two points on appeal. She contends the trial court abused its discretion by: (1) excluding testimony in an offer of proof from a law enforcement witness; and (2) declining to permit defense counsel to show a surveillance video of the crime during *voir dire*. Because the trial court did not abuse its discretion in making either ruling, we affirm the trial court's judgment and sentences.

---

[1] All statutory references are to RSMo (2016).

## Factual and Procedural Background

On the morning of April 21, 2021, Defendant and her boyfriend, Josue Martinez (Martinez), were staying at a motel. They had no vehicle because it had been in an accident. Donald Wethy (Victim) was staying at the same motel with a female companion. She was visited by two other men, who were in a vehicle in the motel parking lot. Martinez and Defendant approached the two men in the vehicle several times, attempting to buy marijuana, but they were turned away. At one point, when Defendant and Martinez were in front of their motel room, Defendant approached Martinez. She put her arms loosely around his neck, at which time Martinez removed a pocket knife from Defendant's pocket and put it in his own. The two men visiting Victim's female companion eventually drove away. Victim was sitting in his own vehicle in the parking lot at this time, and Defendant and Martinez entered their motel room. A few minutes later, Martinez left the room and approached Victim, who was then standing next to his vehicle. Defendant soon came out of the room with her dog and walked toward Martinez and Victim. Martinez stabbed Victim with Defendant's pocket knife and continued stabbing repeatedly as Victim fell to the ground. While that was occurring, Defendant walked past them and placed her dog inside Victim's vehicle. She and Martinez also got into the vehicle, but they soon got out and walked away from the motel. Police found Victim's body in the motel parking lot. Thereafter, Martinez and Defendant were apprehended on foot approximately 15 miles from the motel.

Defendant was charged with first-degree murder, first-degree robbery, first-degree tampering with a motor vehicle, and two counts of ACA. The trial court instructed the jury on accomplice liability, as well as the murder, robbery, and ACA charges. The jury found Defendant: (1) guilty of second-degree murder, rather than first-degree as charged; and (2) guilty on all the remaining counts. The trial court sentenced Defendant to terms of

2

imprisonment totaling 23 years. This appeal followed. Additional facts relevant to each point on appeal are included below.

## Standard of Review

Defendant's first point on appeal challenges the trial court's exclusion of evidence at trial, which we review for an abuse of discretion. ***State v. Brandolese***, 601 S.W.3d 519, 533 (Mo. banc 2020). A circuit court has broad discretion to admit or exclude evidence at trial. ***State v. Minor***, 648 S.W.3d 721, 733 (Mo. banc 2022). Defendant's second point challenges a ruling made by the trial court during *voir dire*, which we also review for an abuse of discretion. ***State v. Baumruk***, 280 S.W.3d 600, 614 (Mo. banc 2009). A trial court abuses its discretion only when the ruling is:

> clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable persons can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.

***State v. Brown***, 939 S.W.2d 882, 883-84 (Mo. banc 1997) (citation omitted); ***Brandolese***, 601 S.W.3d at 533. Additionally, we review the trial court's ruling for prejudice, not mere error, and we will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial. ***Brandolese***, 601 S.W.3d at 533-34. An error by the trial court is not prejudicial unless there is a reasonable probability that the error affected the outcome of the trial. ***Id***. at 534.

## Discussion and Decision

### *Point 1*

The disposition of this point requires the following additional facts. The prosecutor presented testimony from Detective Derrick Lewis (Det. Lewis), the lead detective on the case. During cross-examination of Det. Lewis, defense counsel asked him: "You can't say

3

what [Martinez's] intent was when he took the knife from [Defendant's] pocket, can you?" The prosecutor objected, and the trial court sustained the objection.[2] Defense counsel then asked: "You can't rule out that [Martinez] got the knife intending to use it for something other than a robbery, can you?" Once again, the prosecutor's objection was sustained.

Defense counsel approached the bench and argued that he had asked Det. Lewis similar questions during a deposition and that the questions were "essential" to establish reasonable doubt regarding Defendant's knowledge and intent. The prosecutor argued that the questioning was impermissible because it asked for Det. Lewis' opinion on the ultimate issue of the case and invaded the jury's duty to decide whether or not the evidence was sufficient to support conviction. The trial court agreed with the prosecutor and again sustained the objection. The trial court explained: "I think, in essence, you're asking this witness to draw conclusions from the evidence. And [the prosecutor] is correct on the jury's job to draw from the evidence." Defense counsel then made the following offer of proof:

> Q. Detective, I think where we ended that last line of questioning, I – I asked you, I said, you cannot – you can't rule out that [Martinez] got the knife intending to use it for something other than a robbery, can you?
>
> A. No.
>
> Q. You can't rule out that [Defendant] did not know [Martinez] was going to use that knife to commit some sort of crime?
>
> A. It's – I don't mean to be flippant, but it's not my responsibility to figure that out. That has to be presented to the jury. I don't make those – I don't make –
>
> Q. What did you tell me –
>
> A. – those decisions.

---

[2] The trial court's ruling on this first question is not preserved for review because no offer of proof was made. *See State v. Purlee*, 839 S.W.2d 584, 592 (Mo. banc 1992); *State v. Stiff*, 626 S.W.3d 916, 922 (Mo. App. 2021). Therefore, this question plays no further role in our analysis.

Q. – at your deposition? What did you tell me at your deposition?

A. I don't remember.
….

Q. I asked you, is there any evidence that you're aware of that rules out [Defendant] not knowing that [Martinez] was going to use that knife to commit some sort of murder – I'm sorry – commit some sort of crime? And your answer was?

A. No.

Q. You have no evidence that rules that out?

A. Correct.
….

Q. You have no evidence which rules out [Victim] and [Martinez] having some interaction over race, and that being the motive for the homicide?

A. Correct.
….

Q. Okay. I asked you, do you have any evidence that rules out, in that deposition, [Victim] and [Martinez] having some interaction over race, and that being the motive for the homicide? Can you rule that out as a – based on evidence you have, and your answer was?

A. No.

Q. You can't rule out race being the motive based upon the evidence you have?

A. No.

Q. You don't have any evidence which rules out that [Defendant] truly thought that [Martinez] was just going to go out and talk to [Victim] about getting some marijuana?

A. Correct.

Q. You don't have any evidence which rules out that [Martinez] attacked [Victim] because of some jealous rage?

A. Correct.

5

Q. You can't rule out that [Martinez] attacked [Victim] because of some jealous rage?

A. Correct.

Q. You can't rule out that the decision to get in [Victim's] car was made after [Martinez] killed [Victim]?

A. Correct.

When the offer of proof concluded, the prosecutor reiterated his objection that the questions invaded the province of the jury regarding the ultimate facts and issues of the case. Defense counsel responded that he was not asking Det. Lewis whether or not Defendant was ultimately guilty, but merely whether he had seen evidence that ruled out possibilities other than the State's theory of the case. The trial court sustained the State's objection, reasoning that it is "the jury's job to determine the facts ultimately and the conclusions or inferences to be drawn from the evidence." Defense counsel included this ruling in a motion for new trial.[3]

On appeal, Defendant asserts that the trial court abused its discretion in excluding Det. Lewis' testimony in the offer of proof. Defendant argues that the testimony was logically and legally relevant because it went to whether she had the requisite mental state for the charged offenses. There is no merit in this argument.

"An offer of proof must establish what the evidence will be, its purpose and object, and each fact essential to establishing the admissibility of the evidence." *State v. Stiff*, 626 S.W.3d 916, 922 (Mo. App. 2021); *see Terry v. Mossie*, 59 S.W.3d 611, 612 (Mo. App. 2001). If any part of the offer is inadmissible, the trial court can reject the entire offer. *See*

---

[3] This issue is preserved for appeal because defense counsel made a sufficient offer of proof and included the challenge to the court's ruling in a timely motion for new trial. *State v. Michaud*, 600 S.W.3d 757, 761-62 (Mo. banc 2019); *State v. Soliben*, 621 S.W.3d 585, 594 (Mo. App. 2021).

*State v. Murphy*, 534 S.W.3d 408, 415 (Mo. App. 2017); *State v. Prine*, 456 S.W.3d 876, 882 n.9 (Mo. App. 2015); *State v. Jones*, 322 S.W.3d 141, 144 (Mo. App. 2010); *State v. Broussard*, 57 S.W.3d 902, 911 (Mo. App. 2001); *State v. Malicoat*, 942 S.W.2d 458, 460 (Mo. App. 1997).

Defendant's intent was an ultimate issue for the jury to decide by drawing inferences from the evidence presented. In our view, the purpose of the "rule out" line of questioning was to get Det. Lewis, an investigating police officer, to give opinion testimony about Defendant's intent in this case. Such testimony has long been held to be inadmissible in Missouri.

Opinion testimony is generally inadmissible when the trier of fact is as capable as the witness to draw conclusions from the facts presented. *Shockley v. State*, 147 S.W.3d 189, 194 (Mo. App. 2004). Instead, a witness must only "state facts from which the jury forms an opinion." *State v. Davidson*, 242 S.W.3d 409, 413 (Mo. App. 2007). "Our cases hold that, in general, neither a lay nor an expert witness may testify regarding the paramount issue of whether the defendant had the requisite mental state to commit a charged offense." *State v. Schelsky*, 597 S.W.3d 201, 210 (Mo. App. 2019).

Here, the trial court correctly rejected the entire offer of proof because the "rule out" questions put to Det. Lewis required him to draw inferences from the evidence on the ultimate issue of intent. For example, the court instructed the jury on the charge of first-degree murder that it could find Defendant guilty only if, "with the purpose of promoting or furthering the death of [Victim,] Defendant aided or encouraged [Martinez] in causing the death of [Victim.]" Defendant's knowledge about how Martinez was going to use the knife bore directly on the question of whether she aided Martinez with the purpose of promoting Victim's death. The "rule out" questions in the offer of proof all required Det. Lewis to

7

draw inferences from the evidence about Defendant's intent, which is not admissible. *See Schelsky*, 597 S.W.3d at 209-10 (trial court erred by permitting a police officer to testify that the defendant intended to kill officers when he pulled a gun on them at a traffic stop); *State v. Clements*, 789 S.W.2d 101, 109-10 (Mo. App. 1990) (trial court erred by admitting testimony from an expert psychiatrist that the defendant deliberated before committing murder).

Defendant contends the questions did not actually call for Det. Lewis to give an opinion about the ultimate issue in the case. She argues that defense counsel did not ask Det. Lewis whether he believed that Defendant knew what Martinez was going to do, but rather whether the evidence collected by the police could rule out the possibility that Defendant did not know what Martinez was going to do. We find this distinction to be immaterial. Defendant's knowledge of Martinez's intentions was an ultimate issue. Asking Det. Lewis to opine about whether or not the evidence would support an inference of a particular intent is still an opinion which "has the effect of answering the ultimate issue the jury is to determine." *Schelsky*, 597 S.W.3d at 210 (citation omitted). Because such testimony is inadmissible, the trial court did not abuse its discretion in sustaining the prosecutor's objection and declining to admit the testimony presented in the offer of proof. Point 1 is denied.

*Point 2*

The disposition of this point requires the following additional facts. Before the beginning of *voir dire*, the trial court announced that it would prohibit the parties from using "demonstratives." Defendant had filed a pretrial motion requesting to show the surveillance video of the killing during *voir dire*, and defense counsel reasserted that request to the trial court. Defense counsel argued that showing the video would be necessary to ascertain what

8

emotional responses the venirepersons might have to seeing the video. The trial court denied the request, but defense counsel was told that he could describe to the venirepersons what the video would show.

During *voir dire*, the prosecutor asked several questions about whether the venirepersons would be able to handle seeing graphic evidence, including photographs of Victim's body and a video of the killing. Five venirepersons said that they might struggle being a juror on a case with this type of evidence. Later during *voir dire*, defense counsel explained that the video would show Martinez stabbing Victim "multiple times[.]" Counsel asked if any of the venirepersons would have an emotional response to the video that would prevent them from being fair and impartial. One venireperson said the video would take an "emotional toll" on her.[4] None of the venirepersons who responded to questions by either the prosecutor or defense counsel about the video were ultimately seated on the jury.

On appeal, Defendant claims that the trial court abused its discretion in refusing to allow the video of the killing to be shown during *voir dire*.[5] Defendant argues that, without actually seeing the video, the venirepersons would not know whether they would be able to view its gruesome content. Defendant also argues that she was prejudiced because the video was a critical piece of evidence, and some of the jurors may not have been able to properly view the entire video.

The trial court is "vested with wide discretion in the conduct of *voir dire*." ***State v. Oates***, 12 S.W.3d 307, 310 (Mo. banc 2000). The trial judge is in the best position to decide

---

[4] This venireperson was one of the five who responded to the prosecutor's questions about the video. The other four were struck for cause before the defense portion of *voir dire*.

[5] This issue is preserved for appeal because Defendant presented the issue to the trial court, received an adverse ruling, and included the challenge to the court's ruling in a timely motion for new trial. ***Soliben***, 621 S.W.3d at 594.

"whether a disclosure of facts on *voir dire* sufficiently assures the defendant of an impartial trial without at the same time amounting to a prejudicial presentation of evidence." ***State v. Leisure***, 749 S.W.2d 366, 373 (Mo. banc 1988); *see **Oates***, 12 S.W.3d at 310-11. Not every fact must be disclosed to the venire, and presentation of the facts in explicit detail is inappropriate during *voir dire*. ***Baumruk***, 280 S.W.3d at 614. "Only those critical facts – facts with substantial potential for disqualifying bias – must be divulged to the venire." ***State v. Clark***, 981 S.W.2d 143, 147 (Mo. banc 1998).

While Defendant was entitled to present some facts during *voir dire*, the video of the killing showed in explicit detail the facts of the case by depicting recorded interactions between Defendant, Martinez, and Victim, including Martinez stabbing Victim. Defendant argues that she should have been allowed to play the video to the venire because of its "substantial potential for disqualifying bias." *See **Clark***, 981 S.W.2d at 147. We disagree. Defendant was still able to elicit information about how the venirepersons would respond to the video when defense counsel described what the video would show. The trial court acted well within its discretion in determining that such a description would be sufficient to reveal disqualifying bias without the need to play the actual video.

Additionally, Defendant is not entitled to relief unless there is a reasonable probability that the error affected the outcome of the trial. *See **Brandolese***, 601 S.W.3d at 534. After reviewing the record, we discern no prejudice resulted from the trial court's ruling. First, none of the venirepersons who expressed concern about their ability to view the video were seated on the jury. Second, there is no indication in the record that any of the actual jurors were unduly affected by the video. Defendant argues that some of the jurors "may have thought they could consider the entire video but realized they could not when it

was finally shown."  Nothing in the record supports this assertion, so it is sheer speculation.

For all of the foregoing reasons, Point 2 is denied.

The judgment of the trial court is affirmed.


JEFFREY W. BATES, J. – OPINION AUTHOR

JENNIFER R. GROWCOCK, J. – CONCUR

BECKY J.W. BORTHWICK, J. – CONCUR