

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| CHERISE BROCK AND ANTHONY BROCK, | ) ) ) | No. ED111450 |
| Appellants, | ) ) | Appeal from the Circuit Court of St. Louis County |
| vs. | ) ) | 19SL-CC05264 |
| DR. RISHAD SHAIKH, | ) ) | Honorable William M. Corrigan, Jr. |
| Respondent. | ) | Filed: May 21, 2024 |

Before John P. Torbitzky, P.J., James M. Dowd, J., and Michael S. Wright, J.

## Opinion

On November 18, 2017, at Ladue Dental Group in St. Louis County, respondent dentist Dr. Rishad Shaikh extracted appellant Cherise Brock's four wisdom teeth. As a result of complications that arose after the procedure, Brock sustained a permanent lingual nerve injury. Brock filed suit against Dr. Shaikh on November 14, 2019, alleging that his negligence during the procedure and in his subsequent care caused Brock's injury. The jury returned a verdict in favor of Dr. Shaikh.

Brock now appeals alleging the trial court erred (1) by allowing Dr. Shaikh's expert witness (Expert)[1] to testify on redirect examination regarding Brock's post-operative X-ray because such testimony constituted a new and previously undisclosed expert opinion, and (2) by

---

[1] Witness names have been omitted in accordance with section 509.520.1, RSMo Supp. 2023.

denying Brock's request to cross-examine Dr. Shaikh with the purported medical records of one of Dr. Shaikh's previous patients because, according to Brock, those records would have impeached Dr. Shaikh's direct testimony that he "always" documented a certain aspect of the procedure at issue in this case.

We affirm. With respect to point I, it was well within the trial court's discretion to have allowed Expert to briefly address on redirect the post-op X-ray because Expert had previously and properly referenced the X-ray without objection in response to one of Brock's questions on cross-examination. As to point II, the trial court properly denied Brock's effort to impeach Dr. Shaikh with the collateral and extrinsic matter involving a *different* patient and Dr. Shaikh's documentation of that patient's wisdom teeth procedure.

**Background**

Three days after the November 18, 2017 procedure at issue here, Brock returned to Ladue Dental complaining of tongue numbness for which Dr. Shaikh prescribed an anti-inflammatory. On January 4, 2018, Brock again returned to Ladue Dental now experiencing pain along with numbness and Dr. Shaikh performed neuro-sensory testing. On March 8, 2018, Brock visited Dr. Shaikh for a final time for more neuro-sensory testing after which Dr. Shaikh concluded that surgical intervention was not necessary. On May 31, 2018, Brock saw a different doctor at Ladue Dental who referred her to Oral Surgeon to evaluate her lingual plate, the portion of the jawbone on the tongue side of the teeth.

So, in September 2018, Brock saw Oral Surgeon who diagnosed a lingual nerve injury and recommended surgery to repair it which he performed on October 4, 2018. The surgery failed to resolve Brock's symptoms of pain, numbness, and a compromised ability to taste.

At trial, Expert testified that Dr. Shaikh's treatment met the standard of care. Expert addressed the issue whether the nerve injury occurred during the procedure or at a later time as a

2

result of the procedure and concluded that while he did not believe the injury occurred during the procedure, the timing of the injury did not matter to his ultimate opinion that Dr. Shaikh met the standard of care.

The issue here regarding Expert's testimony arose during Brock's cross-examination. Brock asked Expert if it was "more likely than not that the surgical bur (surgical instrument) put the trough in the bone." Expert said, "Sure, why not. But he [Dr. Shaikh] didn't see a trough in the bone, nor was there one on the postoperative X-ray." Brock did not move to strike this testimony including the reference to the post-op X-ray.

On redirect, Dr. Shaikh sought to question Expert about the X-ray and Brock objected that it was beyond the scope of cross. The court overruled that objection because Brock had elicited Expert's reference to the X-ray during her cross-examination and did not move to strike it. Expert's testimony on redirect was then limited to his identification of the X-ray for the record.

The facts relating to Brock's second point are as follows. During Brock's cross-examination of Dr. Shaikh, he testified that he *always* documents in his post-operative reports following wisdom teeth extractions whether or not he is able to see the lingual nerve and whether it is intact. Brock then approached the bench and sought permission to cross-examine Dr. Shaikh with respect to a different patient of Dr. Shaikh's. Brock claimed that Dr. Shaikh, in his post-operative report of that patient's procedure, did *not* note whether or not he could see the lingual nerve or whether it was intact. The court denied the request based on a lack of foundation and the extraneous issues that would likely arise if a different patient's medical records were brought before the jury.

**Standard of Review**

A trial court has broad discretion in determining the admission of evidence. *Williams v. City of Kansas City*, 641 S.W.3d 302, 330 (Mo. App. W.D. 2021); *Lay v. P & G Health Care, Inc.*, 37 S.W.3d 310, 331 (Mo. App. W.D. 2000). The court abuses its discretion when its ruling is "clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice, and indicate a lack of careful consideration." *Id*. If reasonable minds can differ as to the propriety of the trial court's action, then it cannot be said that the court abused its discretion. *Williams*, 641 S.W.3d at 330.

**Discussion**

*Point I*

We disagree with Brock's assertion that Dr. Shaikh's redirect examination of Expert regarding the post-op X-ray improperly presented a new, undisclosed expert opinion. First, point I was not preserved for our review inasmuch as Brock did not object on this ground at trial. Regardless, we would find no abuse of discretion because Brock opened the door on cross-examination by asking Expert about the condition of Brock's jawbone and Expert's response appropriately referenced the post-op X-ray.

*Preservation*

Brock objected to Expert's testimony regarding the post-op X-ray on redirect on the ground that it was beyond the scope of cross-examination. On appeal, Brock now argues the testimony was a new expert opinion barred by a pretrial motion in *limine*.[2]

It is well settled that for an argument to be preserved for our review, an appellant "must stick with the theory of their trial court objection, and may not present here some different reason

---

[2] We reiterate the principle that "[a] motion in *limine* standing alone is insufficient to preserve error for appellate review[.]" *Berra v. Danter*, 299 S.W.3d 690, 695 (Mo. App. E.D. 2009).

that testimony should have been excluded." *Firestone v. Crown Ctr. Redev. Corp.*, 693 S.W.2d 99, 107 (Mo. banc 1985). "The objection at trial must be specific and made contemporaneously with the purported error." *State v. Driskill*, 459 S.W.3d 412, 425-26 (Mo. banc 2015).

Brock has not met these requirements here.

*The Redirect Testimony was Permissible*

Regardless of Brock's preservation defect, it is manifest from our review of the testimony that Expert's reference to the X-ray was permissible.

"Redirect is intended to allow a witness the 'opportunity to explain or avoid the consequences of new matter brought out on his cross-examination, and to rebut the discrediting effect of damaging statements or admissions elicited from him.'" *Moon v. Hy-Vee, Inc.*, 351 S.W.3d 279, 284-85 (Mo. App. W.D. 2011) (quoting *Couch v. St. Louis Pub. Serv. Co.*, 173 S.W.2d 617, 623 (Mo. App. 1943)). "The witness is allowed to offer a full explanation of the issues raised in the cross-examination." *Id.* (citation omitted).

By way of example, in *State v. Price*, 513 S.W.3d 392 (Mo. 1974), defense counsel elicited a non-responsive answer on cross-examination from a witness and did not move to strike it. *Id.* at 395. On redirect, the prosecutor pursued a line of questioning to expand on the witness's non-responsive answer during cross-examination. *Id.* Only then did defense counsel object that the witness's answer on cross-examination was non-responsive and rebuttal was improper. *Id.* The trial court allowed the witness during redirect to expand on his answers given during cross. *Id.* The court of appeals noted that a motion to strike "was available to appellant if he considered the response damaging" and that "[t]he redirect examination was a proper method of clarifying a matter brought out on cross-examination." *Id.* at 396. (citation omitted).

We reach the same conclusion here. It was proper to allow Dr. Shaikh on redirect of Expert to ask him to identify the X-ray which he had properly referenced as part of his testimony

on cross-examination in response to Brock's question. If Brock believed the elicited testimony was non-responsive, the proper remedy was through a motion to strike. *Price*, 513 S.W.3d at 396. Point denied.

*Point II*

The trial court properly denied Brock's effort to impeach Dr. Shaikh with the collateral and extrinsic matter involving one of Dr. Shaikh's other patients and his documentation of that patient's wisdom teeth procedure. Moreover, Brock's offer of proof, done in a narrative fashion without presenting to the court the other patient's records, failed to overcome those defects.

We begin our analysis with the question of the admissibility of the other patient's records. "The scope of cross-examination and the determination of matters of witness credibility are largely within the discretion of the trial court." *State v. Taylor*, 944 S.W.2d 925, 935 (Mo. banc 1997) (citing *State v. Dunn*, 817 S.W.2d 241, 245 (Mo. banc 1991)). "Among the reasons for permitting trial judges wide latitude for the purpose of imposing reasonable limits on cross-examination are concerns about prejudice, confusion of the issues, and interrogation that is only marginally relevant." *Id.*

"If a party has been permitted in the trial court's discretion to cross-examine a witness as to a collateral matter, the cross-examiner is bound by the witnesses' answers and will not be permitted to offer evidence to contradict the witness relative to such matters." *Cline v. William H. Friedman & Associates, Inc.*, 882 S.W.2d 754, 759-60 (Mo. App. E.D. 1994) (quoting *Wyatt v. Bearden*, 842 S.W.2d 946, 949 (Mo. App. 1992)). "The test for determining whether a matter is collateral hinges on whether the party seeking to introduce it for purposes of contradiction would be entitled to prove it as part of his case." *Id.* (citing *Frenchin v. Thornton*, 326 S.W.2d 122, 126 (Mo. 1959)). "The rationale underlying this rule is to shield the jury from a proliferation of issues which would require the court to go into the merits of such collateral

6

matters and to avoid the unfairness and surprise of requiring the opposing part to disprove issues not raised by the pleadings." *Id*.

In this case, the critical issue for the jury's consideration was whether Dr. Shaikh injured Brock's lingual nerve with his surgical instrument during the procedure. Naturally, much of the evidence adduced addressed that issue. But whether Dr. Shaikh had the practice of documenting in his post-op reports whether he could see the lingual nerve and whether it was intact is a collateral matter. Thus, after Brock adduced during cross the testimony from Dr. Shaikh that he always documents those issues, Brock was bound by that testimony and the trial court properly denied Brock's request to cross-examine Dr. Shaikh with those purported records of that collateral matter. *Cline*, 882 S.W.2d at 759-60.

Next, the offer of proof. Brock's counsel's offer of proof consisted of a narrative to the court in which he claimed to have the post-op report of the wisdom teeth procedure of another of Dr. Shaikh's patients in which Dr. Shaikh did not document something that he testified that he "always" documents and that Brock's counsel "want[ed] to cross-examine him on that." Counsel did not present the actual records to the court and they are not in our record on appeal.

While the offer of proof here is less than ideal,[3] we are dubious that a more complete offer of proof including introduction of the other patient's records and the questioning of Dr. Shaikh outside the presence of the jury would have the changed the court's ruling that this was an extrinsic, collateral matter and Brock was bound by Dr. Shaikh's initial response that he always documented regarding the lingual nerve in the same way. *Taylor*, 944 S.W.2d at 935.

---

[3] "Missouri courts agree that a proper method of presenting and preserving an offer of proof is to place the witness upon the stand and question him outside the presence of the jury." *State v. Townsend*, 737 S.W.2d 191, 192 (Mo. banc 1987). (citations omitted). "While this method is preferable. It is not the only accepted method. Some Missouri courts have also allowed counsel to make the offer in narrative form by summarizing the proposed testimony of the witness." *Id*. "When counsel uses the narrative offer of proof, he runs a greater risk that the court will find the offer insufficient." *Id*.

Point denied.

## Conclusion

The trial court's judgment entered on the jury's verdict is affirmed.

_____
James M. Dowd, Judge

John P. Torbitzky, P.J., and
Michael S. Wright, J., concur.

8